SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY
v. C. W. HOLDEN.

Decided March 7, 1900.

**1. Railway—Injury at Crossing—Charge.**

See charge upon signals, negligence, and contributory negligence, in case of injury by railway train to a traveler on highway crossing, held not erroneous.

**2. Bill of Exceptions—Presentation.**

Preparing a bill of exceptions, placing it among the papers of the case, and referring to it in court on presentation of motion for new trial, did not constitute a presentation of it to the judge for his signature.

**3. Same—Diligence to Excuse Failure.**

See opinion for circumstances held not to present sufficient diligence on the part of counsel to excuse their failure to present their bill of exceptions to the judge for his signature within ten days from final disposition of the cause.

APPEAL from McLennan, Nineteenth District. Tried below before Hon. MARSHALL SURRATT.

*A. W. Huston* and *Baker & Ross,* for appellant.

*T. A. Blair* and *John L. Dyer,* for appellee.

The charges given upon which errors were assigned in appellant's brief were as follows:

"It was the duty, under the law, of defendant's servants operating the said train, to have blown the steam whistle and rung the bell on the engine at least eighty rods before reaching the crossing, and to have continued ringing said bell until it had passed such crossing."

"The burden of proof rests upon the plaintiff to establish by a preponderance of the evidence that the whistle was not blown or the bell

rung, as charged above, and the damages, if any, that were sustained by him, and if you find that plaintiff has so proven such negligence, then the burden rests upon defendant to establish by a preponderance of the evidence that plaintiff was guilty of contributory negligence."

"It was the duty of plaintiff, as he approached said crossing, to have used such care to avoid the injury as a reasonably prudent person would have used under the same circumstances. And if you believe from the evidence that plaintiff as he approached said crossing could have seen the approaching train in time to have stopped and avoided the injury, but that without looking and listening he carelessly and negligently drove upon said crossing," etc.

Error was also assigned upon the refusal to give charges requested by appellant, as follows:

"If the jury believe that the plaintiff, Holden, failed to look and listen for the approaching locomotive and cars of the defendant railway company, at the time and place he (the plaintiff) was injured, and if they believe that a person of ordinary care and prudence would have listened for the approaching locomotive and cars of defendant company, and would have discovered them (the locomotive and cars) in time to have avoided the injury; and if the jury believe that such conduct on the part of the plaintiff, Holden, was negligence, and contributed to his injury, that then the jury would find the plaintiff, Holden, guilty of contributory negligence, and find for the defendant."

"You are charged that there is no evidence in this case that the wind was blowing or not blowing, and that you will not consider anything not in evidence before you, but confine yourselves to the facts proven."

"The jury are instructed that the defendant was not required to stop its train on seeing the plaintiff approach the public crossing, but was required to exercise ordinary care only in avoiding the injury."

KEY, Associate Justice.—This is a damage suit for personal injuries. Verdict and judgment were rendered for the plaintiff for $3150, and the defendant has appealed.

The questions of fact upon which the rights of the parties depend, and which were submitted to the jury for decision were: (1) Negligence on the part of defendant in failing to ring the bell and blow the whistle on a train operated by it in the manner prescribed by statute; (2) whether or not such negligence caused the plaintiff's injuries, the nature and extent of such injuries, and the amount he was entitled to recover as compensation therefor; (3) contributory negligence on the part of the plaintiff in driving upon and attempting to cross appellant's railroad at a public crossing, without looking or listening for the approaching train.

On all of these issues the jury decided in favor of the plaintiff and against the defendant; and there is testimony in the record that will support the verdict on all of these points.

We have examined the charge of the court and the special instructions requested; and considering the charge as a whole, we do not think the jury were misled thereby; but, on the contrary, were apprised of the rules of law by which the rights of the parties were to be determined. Hence we hold that the objections urged against the charge, and the assignments complaining of the action of the court in refusing special instructions, do not point out reversible error.

One of the principal points relied on for reversal relates to the action of the court in giving certain verbal instructions, or making certain verbal remarks to the jury after they had failed to agree upon a verdict. The remarks referred to are embodied in a bill of exception; and appellee objects to this court considering the assignment of error in reference thereto, because the bill of exception was not presented to the trial judge until more than ten days after the case was finally disposed of in the trial court. Appellee took a bill of exception to the action of the trial judge in allowing appellant's bill of exception at the time it was allowed; and objections are urged in this court to the manner in which this bill was taken; but a sufficient reply is that it was not necessary for the appellee to raise the point by bill of exception in the court below. Without reserving such bill, he had the right to object to the consideration of appellant's bill of exception because not taken in time.

The motion for a new trial was overruled May 22, 1899; and the indorsement of the judge allowing appellant's bill of exception shows that it was presented to and allowed by him June 10, 1899, more than ten days after the case was finally disposed of. The statute requires bills of exception to be presented to the judge for allowance within ten days after the case is finally disposed of; and if not presented within that time, the party complaining is not entitled to have the bill considered on appeal, although it may be allowed by the judge. Batts' Civ. Stats., art. 1365, and cases there cited.

The parties have supplemented the record with an agreement, which shows that the judge who tried the case in the court below, left Waco, McLennan County, Texas, where the case was tried, at noon on the 24th day of May, 1899, and went to Lampasas, Texas, where he remained until the first day of June, 1899, when he returned to Waco, Texas, about 5 o'clock p. m., on said last named day, and held court continuously thereafter until the first day of July, 1899; and that after his return to Waco about 5 o'clock p. m., June 1, 1899, and on the same day, several bills of exception were presented to him for approval in other cases.

Appellant has filed in this court an affidavit made by one of its counsel, which shows the following facts:

"1. That the amended motion for a new trial filed in the court below, to wit, the Nineteenth Judicial District Court of McLennan County, Texas, was presented to and heard by the Honorable Marshall Surratt, judge of said last named court, on the 8th day of May, 1899. That at the time said amended motion was so presented, appellant's bill of ex-

ception number 1, sought to be now dismissed, was read in open court to the said Judge Marshall Surratt on the 8th day of May, 1899, said bill of exception having been prepared before said amended motion had been prepared and filed, and was referred to in said amended motion.

"That said amended motion was not acted upon on the 8th day of May, 1899, but was taken under advisement by the said Judge Marshall Surratt, and at the time it was so taken under advisement, affiant left with the said Judge Marshall Surratt, among other papers in said cause, the said bill of exception. That said amended motion was not finally acted on until May 22, 1899, when the said Judge Marshall Surratt overruled it.

"2. Affiant was not present at the time said amended motion for a new trial was overruled, to wit, on the 22d day of May, 189?, but on the day previous, May 21, 1899, left Waco in company with one John Brown of Waco, who rented a livery team from Orand's livery stable on said 21st day of May, 1899. That affiant went with said Brown to look at his place near Coryell City in McLennan County, and that affiant did not return to Waco until late in the afternoon of the 22d day of May, 1899.

"That affiant upon hearing that his said amended motion for new trial had been overruled, went to Ben Kendall, Esq., deputy district clerk of said county, on the afternoon of the 24th day of May, 1899, for the papers in said cause (that affiant fixed the afternoon of May 24, 1899 as the time because, first, to the best of his recollection this was about the time; and secondly, because T. A. Blair, Esq., attorney for appellee, admitted that the 24th day of May, 1899, was the time), and to obtain therefrom appellant's said bill of exception number 1 for the purpose of presenting it to the said Judge Marshall Surratt, but upon being advised for the first time that the said Judge Marshall Surratt had left the city of Waco (McLennan County, Texas) for Lampasas (in Lampasas County, Texas), took said court papers, including appellant's bill of exception number 1, with him, affiant, and on the afternoon of May 24, 1899, went to the office of T. A. Blair, Esq., attorney for appellee, two or three times, for the purpose of delivering appellant's said bill of exception number 1 to the said T. A. Blair, attorney for appellee.

"Affiant swears that said bill of exception number 1 was delivered to T. A. Blair, Esq., attorney for appellee, on the afternoon of the 24th day of May, 1899, as stated above, and swears that it was delivered to the said T. A. Blair, Esq., attorney for appellee, after the said Judge Marshall Surratt had left the city of Waco for Lampasas, and that it was so delivered to the said T. A. Blair, Esq., for the purpose and as stated by affiant to the said T. A. Blair, Esq., that he might inspect it, appellant's said bill of exception number 1, on account of the absence of the said Judge Marshall Surratt.

"3. Affiant swears that to the best of his recollection and belief after he so left said bill of exception with the said T. A. Blair, Esq., that within a few days thereafter he went to the office of the said T. A. Blair,

Esq., and got said bill of exception number 1 from the said T. A. Blair, Esq., and all other papers, except the said amended motion for a new trial, and that affiant kept said papers in his possession, to the best of his knowledge and belief, until about the 8th day of June, 1899, when the said T. A. Blair, Esq., got said bill of exception number 1 from affiant, and kept the same until filed by the said T. A. Blair, Esq., at the request of affiant.

"4. Affiant swears, after due investigation, and from the admission of the said Judge Marshall Surratt, that he, the said Judge Marshall Surratt, left Waco at noon on the 24th day of May, 1899, and remained away continuously until late in the afternoon, about 5 o'clock of the 1st day of June, 1899, when the said Judge Marshall Surratt returned to Waco over the Missouri, Kansas & Texas Railway of Texas.

"5. Affiant swears that from the 29th day of May, 1899, until the first day of June, 1899, he was continuously engaged in the trial of the famous case of the State of Texas v. Jim Bob Crow, for the murder of Mollie White, and that during said trial, Judge Sam R. Scott convened court in the morning at 8 o'clock and 8:30 o'clock, and adjourned it in the afternoon at about nighttime thus keeping affiant busily and continuously engaged in said trial, hardly giving him time to get his meals, from the 29th day of May, 1899, until the —— day of June, 1899. That affiant did not know that the said Judge Marshall Surratt returned to Waco on the afternoon of the first day of June, 1899, and that if he had known it, he would have presented appellant's said bill of exception number 1 to him on the said —— day of June, 1899, being the last day within which to present the same to the said Judge Marshall Surratt.

"Affiant further swears that upon his return from Crawford, as aforesaid, and upon his learning of the overruling of said motion for a new trial, he went immediately to get said bill of exception and present the same to said Judge Marshall Surratt, and upon finding that he was away, went immediately and presented appellant's said bill of exception number 1 to the said T. A. Blair, Esq., attorney for appellee. That affiant did not know at the time when the said Judge Marshall Surratt returned, or when he would likely return, and that no one else knew when he would return, that affiant knew of, although affiant made inquiries; and affiant swears further, that if the said Judge Marshall Surratt had been in Waco, said bill of exception would have been presented to him, notwithstanding the fact that all the papers in said cause, including the said bill of exception, were left with the said Judge Marshall Surratt, when he took said cause under advisement.

"Affiant further swears that said bill of exception was prepared and among the files of said cause from the 8th day of May, 1899, the date of the presentation for hearing said amended motion for a new trial."

If appellant is entitled to have this affidavit considered by this court, we are of opinion that it does not show that the bill of exception was presented to the trial judge for allowance prior to the 10th day of June.

The mere fact that the bill was read by counsel in presenting the motion for a new trial, and that it was placed among the papers on file in the cause, and with the other papers delivered to the judge when he took the motion for a new trial under consideration, is not a showing that the bill of exception was presented to him for allowance. Unless his attention was specially called to the bill, accompanied by language equivalent to a request that he consider it as presented for allowance, he may not have known that it was left among the papers in the cause; or if he knew that fact, he may not have understood that leaving it among the papers was intended as a presentation to him for allowance.

In reference to the diligence shown to present the bill to the judge, after the motion for a new trial was overruled, we are compelled to hold that it was insufficient. If appellant has excused itself for not presenting the bill to the judge before he left Waco, it has failed to render a sufficient excuse for not sending it to him at Lampasas, after it ascertained that he had gone to that place and the time of his return was uncertain. Aside from other means of reaching the judge, we must take judicial knowledge of the fact that the mail service of the Federal government was accessible to appellant, and by that channel it could have reached the judge and presented its bill of exception to him within the time prescribed by law; and it has failed to present any excuse for not doing so.

We note the fact that in the court below, as in this court, appellant was represented by two attorneys; and if it be conceded that the one whose affidavit is submitted in this court has excused himself for not sooner presenting the bill to the judge, no excuse is offered for the failure of his associate to do so. We can not consider the question sought to be raised by the bill of exception referred to.

This opinion embraces our conclusions both of fact and law.

We have considered all the questions presented in appellant's brief, and finding no reversible error, the judgment will be affirmed.

*Affirmed.*

Writ of error refused.