## GOODRICH v. BIG HORN COUNTY BANK.

(No. 940; Decided August 17th, 1918; 174 Pac. 191.)

APPEAL AND ERROR—DIRECT APPEAL—RECORD—ENTRY OF JUDGMENT—AMENDMENT OF RECORD.

1. Since the statute providing for direct appeals requires the serving and filing of notice of appeal and the preparation and filing of record on appeal within ten days from the entry of the order or judgment appealed from, it is necessary to show jurisdiction that the fact of the entry of the judgment or order, as distinguished from the rendition thereof and the date of the entry, shall be shown by the record.

2. A motion to withdraw the record on appeal for amendment showing the fact and date of entry of judgment will be denied, where, if so amended, the record would show that it was not filed within the statutory time after entry of judgment, so that the Supreme Court would remain without jurisdiction.

APPEAL from District 'Court, Big Horn County, HON. P. W.. METZ, Judge.

Action by Goodrich and another against the Big Horn County Bank and another. From a judgment for defendants, plaintiffs appeal. Heard on motion to withdraw record for purpose of amendment.

*E. E. Enterline, Thomas M. Hyde and H. W. Rich,* for appellants.

*C. A. Zaring, Herbert V. Lacey and John W. Lacey,* for respondents.

The court is without jurisdiction. Plaintiffs have moved for leave to withdraw the record and make amendments. It would be useless to amend the record, for the reason that if so amended, it would show that it was not filed within the time required by the statute, and the court would remain without jurisdiction. The record was certified by the 'Clerk below and filed on February 26th, 1918; that was more than seventy days from December 10th, 1917, the alleged date of the entry of the judgment. It is not shown that the time for preparing and filing the record was enlarged or extended by the court or judge, as permitted by the statute, if cause shown. So that if the record should be amended to show the entry of the judgment on the date stated in the motion, it would appear from the record that the appeal was not perfected within the time specified and limited by the statute.

POTTER, CHIEF JUSTICE.

This case is here on appeal, and is before us on a motion of the appellants to withdraw the record for the purpose of presenting the same to the district court for amendment to show that the judgment was entered on December 10, 1917, and to explain the signing of the certificate of the dis-

trict judge to the record on March 1, 1918, instead of February 26, 1918, the date that the record was filed.

The statute authorizing a review in this court of a judgment or order of a district court by direct appeal provides that such appeal must be taken by serving and filing a notice to that effect within ten days from the entry of the order or judgment appealed from, and that the appellant shall be entitled as a matter of right to seventy days after the entry of the judgment or order appealed from within which to prepare and file with the clerk of the district court a record for the appeal, which time may be extended or enlarged by the court or the judge thereof for cause shown. It also provides that the record on the appeal in civil causes shall be prepared by the clerk of the district court and that it shall consist of the original pleadings, motions, demurrers, instructions given and refused, orders, verdict, finding, decision or judgment, and the notice of appeal, or certified copies thereof, securely attached together in their chronological order, and a transcript of the testimony, if one is prepared and filed, as authorized by the act, and is brought up on the appeal, and that to the whole thereof shall be attached the specifications of error; that the whole record when so prepared, shall be paged and numbered consecutively, and shall be certified to as true and correct by the judge and clerk of the district court. (Laws of 1917, Ch. 32, Secs. 1, 2, 4 & 6.)

Since the statute thus provides for serving and filing the notice of appeal, and preparing and filing the record on the appeal, within a specified time respectively from the entry of the order or judgment appealed from, it is necessary, to show jurisdiction, that the fact of the entry of the judgment or order, as distinguished from the rendition or making thereof, and the date of the entry, shall be shown by the record. (Hahn v. Citizens' State Bank, 171 Pac. 889, 172 Pac. 705.) Having referred in the opinion in that case to the provisions of the act specifying the time for taking and perfecting the appeal by reference to the entry of the order or judgment appealed from, and the general provisions of

the statute requiring all judgments and orders to be entered on the journal of the court, we said:

"These several provisions (of the act authorizing the appeal), considered together, seem to contemplate that there shall be a record entry of the order or judgment appealed from before any appeal shall be taken. Clearly no record on appeal can show the fact or date of the entry before an entry has been made, nor can a proper record be prepared showing the judgment or order complained of, unless and until the same has been entered, for that should be shown by a transcript of the journal entry. * * * And it will be presumed that an entry was made on the date under which it appears in the journal, unless the contrary is shown by the entry itself or by the record otherwise."

In the case cited the record did not contain a transcript of the journal entry of the judgment nor anything to show that it had been entered, and on the ground that the record did not show an entry of the judgment before the appeal was taken the appeal was dismissed. The record in this case is in the same condition in that respect. It contains the judgment signed by the judge and filed with the clerk as one of the papers in the cause, and it is dated as done in open court on December 8, 1917, and endorsed as filed on December 10, 1917. But it does not contain a transcript of a journal entry of the judgment or anything to show that the judgment has been entered.

It is now proposed in part by said motion to withdraw the record to have the defect aforesaid corrected by an amendment showing the fact and the date of the entry of the judgment and that it was entered on December 10, 1917. And the motion is supported by an affidavit of counsel stating that the judgment was entered on that date.

Such a motion might, we think, ordinarily be granted. That much was indicated by the original opinion in the case above cited, and in the opinion denying a rehearing we said in effect, that an application to return a record on appeal for amendment so as to show an entry of the judgment might be granted, if timely made, when accompanied by a

showing that the judgment had been entered and at such time or under such conditions as to give effect and validity to the appeal. The motion under consideration is opposed on the ground that to amend the record as proposed would be a useless procedure, for the reason that if so amended the record would show that it was not filed within the time required by the statute, and the court would remain without jurisdiction. And upon that ground we think the motion should be denied.

The record was certified to as true and correct by the clerk of the district court and filed on February 26, 1918. That was more than seventy days from December 10, 1917, the alleged date of the entry of the judgment, and it is not disclosed by the record, nor is it suggested by the motion, that the time for preparing and filing the record was extended or enlarged by the court or judge, as permitted by the statute for cause shown. So that if the record should be amended to show the entry of the judgment on the date stated in the motion it would affirmatively appear from the record that the appeal was not perfected within the time specified and limited by the statute. Therefore, treating the record as filed on February 26, 1918, without considering the fact that the certificate of the district judge completing its authentication was not signed until March 1, 1918, or the effect thereof upon the previous filing, it is apparent that it was not filed in time to give this court jurisdiction, if the judgment was entered on December 10, 1917. And as nothing would be gained by the amendment now proposed or allowing the record to be withdrawn for that purpose the present motion will be denied.

*Motion denied.*

BEARD, J., and BIYDENBURGH, J., concur.