## GOODRICH v. BIG HORN COUNTY BANK.

(No. 940; Decided January 11, 1919; 177 Pac. 134.)

</div>

APPEAL AND ERROR—REQUIREMENTS OF RECORD—WORDS AND PHRASES.

1. A "Record on appeal" under the statute requiring such record to be filed within 70 days after judgment, includes a transcript of the evidence when necessary, with the original pleading, motions, etc., attached together, paged, and numbered consecutively and certified to by the Judge and Clerk as true and correct.

APPEAL from the District Court, Big Horn County; HON. P. W. METZ, Judge.

*E. E. Enterline, Thomas M. Hyde* and *H. W. Rich,* for plaintiffs and appellants.

*C. A. Zaring, Herbert V. Lacey* and *John W. Lacey,* for defendants and respondents.

BEARD, CHIEF JUSTICE.

In this case a motion for leave to withdraw the record for the purpose of having the same amended so as to show the date of the entry of the judgment in the case was denied August 17, 1918, 26 Wyo. 42, 174 Pac. 191, for the reasons there stated and which need not be repeated here. It is now contended that inasmuch as the transcript of the evidence, duly certified by the Court Reporter, was filed with the Clerk of the District Court within seventy days after the entry of the judgment, the appeal was perfected in time. But a transcript of the evidence, when necessary, is only a part of the record on appeal, and it together with the original pleading, motions, etc., are required to be attached together and the whole record to be paged and numbered consecutively, and shall constitute the record on appeal, and shall be certified to by the Judge and Clerk as true and correct. It is such a record, as we construe the statute, which is required to be prepared and filed within seventy days after the entry of the judgment or order appealed from, which time may be extended by the court or Judge for cause shown. No specifications of error were filed within that time, and counsel say, that they had ten days after the record was filed within which to serve and file the same according to the provisions of section eight of the act which reads, "The appellant shall, within ten days after the record on appeal is prepared and filed, serve upon the adverse party, or his attorney, and file with the clerk of the District Court the specifications of error relied upon for a reversal of the cause on appeal." Whether the specifications of error must be filed and make part of the record before the same is certified and filed, is immaterial in this case for the reason that the record was not certified or filed within the required time. The record discloses that if amended in the particulars stated in the

motion it would still appear that the appeal was not perfected in time.   A rehearing is therefore denied.

*Rehearing denied.*

POTTER, J., concurs.

BLYDENBURGH, J., being ill, did not participate.