## GOODRICH v. BIG HORN COUNTY BANK.
### (No. 940; Decided March 15, 1920; 188 Pac. 36.)

APPEAL AND ERROR—RECORD INSUFFICIENT TO CONFER APPELLATE JURISDICTION.

1. Where an appeal was not perfected within the time allowed therefor, the right to appeal was lost and the Supreme Court acquired no jurisdiction of the subject matter of the case by the filing with it of such record on appeal.

APPEAL from the District Court, Big Horn County; HON. P. W. METZ, Judge.

Heard on motion for leave to withdraw the record for purposes of amendment. (See former opinion, 26 Wyo. 42, 174 Pac. 191, 26 Wyo. —, 177 Pac. 134.)

*E. E. Enterline, Thomas M. Hyde* and *H. W. Rich,* for plaintiffs and appellants.

*C. A. Zaring, Herbert V. Lacey* and *John W. Lacey,* for defendants and respondents.

BEARD, CHIEF JUSTICE.

In this case a motion of appellants for leave to withdraw the record for the purpose of presenting the same to the District Court for amendment was denied August 17, 1918 (26 Wyo. 42, 174 Pac. 191), and a rehearing on that question was denied January 11, 1919 (177 Pac. 134). The object sought to be attained by the proposed amendment was to have the record on appeal show the date of the entry of the judgment and thereby show that said record was filed in the District Court within the time allowed by law in order

to confer jurisdiction of the appeal on this court.   The motion was resisted by respondents, and it was held that "if the record should be amended to show the entry of the judgment on the date stated in the motion, it would affirmatively appear from the record that the appeal was not perfected within the time specified and limited by the statute."   On the final submission of the case, respondent's counsel maintain that upon the face of the record, and the decision of the court on the motion, the court is without jurisdiction to hear the cause.   The appeal not having been perfected within the time allowed therefor, the right to appeal was lost, and this court acquired no jurisdiction of the subject matter of the case by the filing, in this court, of such record on appeal. Therefore, the appeal is dismissed.    *Appeal dismissed.*

POTTER and BLYDENBURGH, JJ., concur.