## COFFEE v. HARRIS

(No. 992; Decided August 16, 1921; 199 Pac. 931.)

APPEAL AND ERROR—REHEARING—FILING OF APPEAL WITHIN TIME JURISDICTIONAL—EXTENSION OF TIME FOR FILING APPEAL RECORD.

1. That the case was heard by only two of the three members of the court is not ground for rehearing.

2. Filing record in the time, after entry of judgment appealed from, prescribed by Comp. St. 1920, Sec. 6404, is jurisdictional; the statute being mandatory and not directory merely.

3. Right to file record cannot be given after the time therefor has expired; Comp. St. 1920, Section 6404, merely giving right to extend time, which can only be done before the time has expired; and this though motion supported by affidavit for extension had been filed in time, at least where there is no showing of attempt to seasonably present the matter to the court or judge.

APPEAL from the District Court of the First Judicial District, in and for the County of Goshen, HON. WILLIAM C. MENTZER, Judge.

On Petition for Rehearing, See 27 Wyo. 394, 197 Pac. 649.

*Erle H. Reid and Wright, Mothersead & York,* for plaintiffs and respondents.

*Bever & Roushar* and *A. R. Honnold,* for defendants and appellants.

BLUME, J.

A petition for rehearing has been filed herein. One of the grounds alleged therefor is that the case was not heard by all three members of the court. It has, however, been twice held by this court that that is not a sufficient ground. (Stanton v. R. Co., 25 Wyo. 138, 142, 165 Pac. 993; Wolball v. Steinhoff, 25 Wyo. 227, 258, 168 Pac. 251.) Again, it is urged that the court erred in holding the provisions of section 6404 of the statutes mandatory, and contending, further, that because a motion for extension was filed prior to the expiration of the 70 days allowed by the statute that the court below retained the power to make a valid extension thereafter, although the statutory period had then expired. The writer hereof has made an independent investigation of these questions, has read the authorities cited in the original opinion herein filed, and numerous authorities besides, and he has found no good reason why he should dissent from the other members of the court in the opinion that no reasons exist why a rehearing should be granted.

This court held in Schlessinger v. Cook, 8 Wyo. 484, 58 Pac. 757 that the time for filing a bill of exceptions is jurisdictional. The principle of that case was followed in Goodrich v. Big Horn County Bank, 26 Wyo. 42, 174 Pac. 191, decided in 1918, holding that the time for filing a record on appeal under section 6404 of the statutes is jurisdictional. That holding was adhered to in a decision in the same case reported in 26 Wyo. 492, 188 Pac. 36. The

legislature has met twice since the first decision, and once since the second decision in the Goodrich case, and yet has not seen fit by any act to modify the effect of those decisions, and it is altogether too late now to urge upon this court that the statute is directory merely. The case of Allen v. Lewis, 26 Wyo. 85, 177 Pac. 433 is not inconsistent with the Goodrich case and deals with an entirely different question.

Let us first consider the situation here without reference to the motion for extension filed on August 21. The time for filing the record on appeal expired on August 23rd. That time being jurisdictional, the failure to file the record on that date deprived the appellants of the right to file it thereafter, and prevented this court from subsequently acquiring jurisdiction of the case, unless by the order of September 4th that jurisdiction, once extinct, was revived. Clearly no right existed to file the record between August 24th to September 4th, and hence the order made on the latter date could not apply to a right still existing, but created a new right, if any. No authority to do so exists, however, under the statute. The statute allows the making of an extension or enlargement, not the creation of a new right. "The word 'extended' as employed in this statute means 'prolonged', and of course a prolongation of time cannot occur after the time originally limited has expired." (State v. Scott, 113 Mo. 559, 20 S. W. 1076.) "While the rule does not expressly provide that the application and order for extension of the time, in which to prepare and serve the record on error, be made within the time previously fixed for that purpose, it is, nevertheless, certain, that such is its meaning. There can be no extension of that which has already elapsed or ended." (Morford v. Colorado, etc. Co., 62 Colo. 310, 162 Pac. 147.) In Kapioloni Estate v. Peck & Co., 14 Hawaii 580, the court, speaking of the extension of time for filing a bill of exceptions, says:

"He is empowered to allow a bill only if it is presented

during the term or within ten days thereafter, although he may allow further time for its presentation; but if an extension has not in the meantime been allowed how does the case stand at or immediately after the expiration of the ten days? Is not the power then exhausted and is not the time for presenting the bill at an end? We think both questions must be answered in the affirmative. If not, what is it that has extended the time and what has kept the power alive? In this case the ten days expired not later than Nov. 7, 1901. In the interval between that day and November 20th following, did the defendant have any right to file a bill of exceptions? We think clearly not; and all that the statute authorizes is an extension of time or an allowance of further time, and not the grant of a new right of appeal or a revesting of an old right once lost. If the extension attempted in this case is valid so would a similar one be which is given six months or a year after the expiration of the ten days. We cannot believe that it was the intention of the legislature to authorize such a procedure. The mere consent of the parties could not, of course, confer jurisdiction where none otherwise existed.''

In White v. Abstract Co., 96 Ia. 343, 65 N. W. 305, the court said:

''It will be well to specifically state that when the time for filing a bill of exceptions, as fixed by law, the consent of parties, or the order of the court or judge expires, so that the right must be revived, rather than extended, neither the court, nor judge has that right. While either may possess the right, by proper order, to extend or continue the time for the exercise of such right, neither has the right, when it is once lost, to restore it.''

In Dist. of Col. v. Roth, 18 App. Cas. 547, the court uses this reasoning under a rule of court:

''The application for and obtaining the order for the extension of time prescribed by the rule should be made within the period of forty days, otherwise it is not an ex-

tension of a current period, but the prescribing of a new and additional period; and if that can be done after the expiration of the first period of forty days, it may be done at any time, no matter how long after such expiration, and there would be in reality no limit to the time within which a transcript could be filed—that right being made to depend entirely upon the indulgence of the judge below. This is clearly not the intention of the rule.''

In the case of Clark v. Crane, 57 Cal. 629, the court reasons likewise and says:

''The court or judge can extend the time under Sec. 1054 above cited, but such extension must be granted within the period of ten days, or within such other period during which the right to give such notice is still alive. After the right to give such notice is gone, giving further time could not be called an extension of the time, but it would be in effect reviving a right which no longer exists. In other words, when such right to give notice is gone, there is really no period of time to extend. The time ends with the period which the law allows for giving such notice; and when such time ends, to hold that the court or judge can extend it, would be to affirm that the court or judge can dispense with the requirements of the statute.''

What effect, then, had the motion filed August 21? Counsel for appellant contend that as long as this motion stood before the court, it had power to grant the extension. They cite no authorities to sustain such contention, and we have, after diligent search, been unable to find any. Had the motion not been called to the attention of the court for six months, or a longer period, the court, according to counsel's theory, would still have had power to grant time, and as said in some of the foregoing cases, this time would expire only with the termination of the indulgence or obsequiousness of the presiding judge, unless other provisions of the statute would forbid. Thus the very purpose of the direct appeal statute to expedite litigation might be entirely defeated. We cannot consent to such

construction. In the case of Van Duzer v. Towne, 12 Colo. App. 4, 8, 55 Pac. 13, the court held that a notice to the opposite party that an extension would be applied for had no such effect. In the case of Security Investment Company v. Love, 43 Kan. 157, 23 Pac. 161, the court disposes of this question in this manner:

"The mere filing of a motion in the court without submitting it to the court or judge, or even calling the attention of the court or judge to the same, could certainly not have the effect to extend the power of the court to grant a further extension of time after the time given by the previous order had elapsed."

We do not see the force of the argument that the case is not applicable for the reason that in Kansas a "case made" must be served on the opposite party. While no service of notice of the filing of the record on appeal is prescribed in this state, the very fact of filing the record and making it a part of the public records gives constructive notice to the parties. In the case of Frink v. Phelps, 5 Ill. 580, the court, speaking of a motion filed for extension to file a record on appeal said:

"It was not sufficient for the appellant simply to file his affidavit and enter his motion; he should have asked for and obtained some decision on his motion. If he could not obtain a decision, it must be considered as equivalent to a denial."

Counsel also contend that they did all that could be done, and hence should not be held to be in default on account of circumstances over which they had no control. But is this true, admitting, without deciding, that this principle has application here? All they did was to file the motion in question, supported by affidavit that the reporter was unable to extend the record in time. There is no showing that any attempt was made to present the matter to the court or judge. It does not even appear that the judge was not in the county; but if we should assume that he was not, still, in view of the rapid transportation and

communication of the present day, in view of the fact that we have at our command all the marvelous inventions and developments of the present and past generation, the showing made is not sufficient. It does not appear that the court or judge might not have been easily reached. In Ry. Co. v. Holden, 23 Tex. Civ. App. 144, 55 S. W. 603, the court held that it took judicial knowledge of the fact that the mail service of the Federal Government was accessible to appellant and that by that channel a bill of exceptions could have reached the judge in time. The holding of that case applies here, and in fact we doubt not that had the matter been presented to the judge by telegraph or telephone, the motion or application would have been acted on in ample time. It might be added also, that it seems to be the holding and constant practice in Wisconsin, for a court commissioner to grant extensions of time in such cases. (See Pellage v. Pellage, 32 Wis. 136; Kelly v. Fond du Lac, 29 Wis. 439; Wood v. Blythe, 42 Wis. 300; Evans v. Ins. Co., 54 Wis. 522, 11 N. W. 594.) No showing is made in the case at bar that the motion was presented to a court commissioner, but in view of the fact that the point is not presented in this case, it is not necessary and in the opinion of the majority of the court not proper, to determine whether he would have authority to act in such case or not. In any event, no sufficient showing is made here to excuse the appellant.

The remaining error assigned is that the court erred in holding that the acknowledgment of service of the specifications of error was not a waiver of the objections. But we see no reason for departing from what has been said on that point in the original opinion.

A rehearing herein is accordingly denied.

POTTER, C. J., and KIMBALL, J., concur.