### BERRY v. SAMPLE

(No. 996, Decided January 17, 1922; 203 Pac. 257.)

Appeal and Error—Following Record on Appeal Within Time Jurisdictional.

1. The preparation and filing of the record on appeal in District Court within the time required by statute, is jurisdictional and unless complied with, proceedings on appeal will be dismissed.

Appeal from the District Court of Natrona County, Hon. Chas. E. Winter, Judge.

Action by *Frank D. Berry* against *W. R. Sample.* There was a judgment for plaintiff and defendant appeals.

*E. G. Vannatta,* for plaintiff and respondent.

*Nichols & Stirrett* and *Floyd E. Pendell,* for defendant and appellant.

Potter, Chief Justice.

This case is here on direct appeal. The action was brought by Berry to recover from Sample the sum of $1200, which had been paid by the former to the latter in advance as rent for the last year of the ten-year period covered by a written lease of certain rooms on the second floor of a building in Casper; the alleged ground for the recovery being the violation by Sample, the lessor, of his agreement contained in the lease to furnish at his own expense all

heat required by Berry, the lessee, upon the demised premises. The petition contained also a prayer that the lease be declared of no further effect as against the plaintiff and that he be relieved of the further performance of the terms and conditions thereof; but the judgment upon a trial of the action before the court without a jury, was only for the recovery of the amount aforesaid. The lease was dated July 5, 1917, and the plaintiff, respondent here, vacated the premises early in January, 1919, returning the keys to the defendant, the appellant here, and demanding a return of the rent paid in advance as aforesaid; it appearing also that he had paid the rent, $100 per month, during the time of his occupancy of the premises.

The grounds upon which it is sought to reverse the judgment are that the petition does not state sufficient facts to constitute a cause of action or sustain the judgment, and that the judgment is not sustained by the evidence and is contrary to law. We are satisfied that the petition states a cause of action and is sufficient to sustain the judgment, and that the evidence is sufficient to sustain the court's finding that the defendant and appellant had violated his covenant to furnish heat for the leased premises to such an extent that they had become unfit for occupancy, justifying the plaintiff in vacating the premises, and sufficient in law to sustain the judgment. We refrain, however, from discussing the questions presented in support of these grounds upon the merits for the reason that, after having gone into a consideration thereof, a defect was discovered in the record leaving this court without jurisdiction to do otherwise than dismiss the appeal, as determined by our prior decisions to the effect that the preparation and filing of the record in the district court within the time required by statute is jurisdictional. (Goodrich v. Bank, 26 Wyo. 42, 490, 492, 174 Pac. 191, 177 Pac. 134, 188 Pac. 36; Coffee v. Harris, 197 Pac. 649, 199 Pac. 931; Kendrick v. Healey, 26 Wyo. 261, 183 Pac. 37.)

The judgment was rendered on April 29, 1919, and appears to have been entered on the journal as a part of the proceedings of the court of that day. There appears in the record an order extending the time for filing the record on appeal to and including August 25, 1919. On that day it appears that the reporter's official transcript of the evidence was filed in the office of the clerk of the district court, which was in time for its inclusion in the record under the order extending the time for filing the record to that date. But the record on appeal, which includes such transcript, the pleadings and certified copies of the journal entries, was not filed until November 21, 1919, as appears by the official filing mark thereon of the clerk of the district court. And it is evident that the record was not made up in condition to be filed earlier than October 18, 1919, for the clerk's certificate to the several journal entries, including the journal entry of the judgment, the judgment itself as rendered, and the final certificate to the record are each dated October 18, 1919. But that was at least nearly two months too late, if it might be assumed that the record was then made up and ought to be or might have been filed on that date; the time for such filing having expired on August 25, 1919, assuming the order of extension to have been valid and effective. The appeal must therefore be dismissed, and it will be so ordered.

*Appeal Dismissed.*

KIMBALL, J., and BLUME J., concur.