## PETERSON vs. SPAUGH

(No. 1203, February 5th, 1924; 222 Pac. 580.)

APPEAL AND ERROR—TIME—COMPUTATION OF PERIOD FOR APPEAL—
DISMISSAL.

1. Comp. St. 1920, § 6404, limiting the time to file record for appeal with the clerk of the trial court to 70 days after the entry of the judgment or order appealed from, is computed, in view of section 5535, by excluding the date of entry of the judgment or order and including the last day of the time to run, unless it falls on Sunday, in which event it is also excluded.

2. Comp. St. 1920, § 6404, limiting the time to file with the clerk of the district court the record of an appeal from an order of judgment of such court to 70 days after entry thereof, being jurisdictional, an appeal must be dismissed where the record is not filed within the·time allowed or an extension thereof authorized by the district court.

APPEAL from District Court, Niobrara County; CYRUS O. BROWN, Judge.

Action by Anna T. Peterson, administratrix of the estate of H. J. Peterson, deceased, against A. A. Spaugh. There was judgment for plaintiff and defendant appeals. Heard on motion to dismiss appeal.

*Bacheller & Bacheller* for the Motion.

The record on appeal was not filed within seventy days after entry of judgment, which was May 8th, 1923, the record not being filed until July 18th, 1923; computation of time is fixed by statute, 5535 C. S., the point is jurisdictional, Coffee v. Harris, 27 Wyo. 494; Goodrich v. Bank, 26 Wyo. 42. Acts required to perfect appeals must be performed within the time prescribed, Caldwell v. State, 12 Wyo. 206; Schlessinger v. Cook, 8 Wyo. 484. Appellant failed to file briefs within the time prescribed by rule 15, this is sufficient ground for dismissal.

*Edwin L. Brown*, Contra.

The record on appeal was filed August 13th, 1923. An order of date October 12, 1923 extended the time for filing briefs to November 13th; the judgment was entered in the journal of the District Court on the 8th day of May, 1923; the general rule for computing time is prescribed by Section 5535 C. S., the time for filing appeal records under 6404 C. S. is computed "after" a certain day, such day being excluded. The judgment being entered on May 8th, 1923, that date should not be considered in computing time, Fenlason v. Shedd, 84 Atl. 409; Holt v. Richardson, 67 S. W. 798; Biglow v. Wilson, 18 Mass. 485; Fry v. Co., Ann. Cas. 1918A, 920. Applying Section 5535 C. S., May 9th being the first day of the period of time within which appellant had to file his record, such day should be excluded and the last day of the seventy day period included. Under this application of the rule the record was filed within time.

POTTER, Chief Justice.

This case, here on direct appeal, has been heard upon a motion to dismiss on two stated grounds:

1. That the record on appeal was not filed in the office of the clerk of the district court wherein the judgment appealed from was rendered and entered within seventy days from the date of the entry of said judgment, as required by law.

2. That the appellant has failed and neglected to file and serve briefs within the period required by the rules of this court.

The second ground of the motion is evidently based upon a misunderstanding of the facts, for it appears that the record on appeal was filed in this court on August 13, 1923, and that on October 12, which would be the last day for appellant's brief, an order was made upon his application extending the time up to and including November 13, and after the filing of this motion, in the meantime, another order was entered extending the time for a stated period from and after a decision upon the motion. The appellant was not and is not, therefore, in default for brief.

It appears from the record that the judgment was rendered in the court below on May 8, 1923, and also that it was entered in the court journal on that date; and there is no dispute concerning that fact. The record on appeal was filed in said court on July 18. Respondent's contention is that that was one day too late to comply with the provision of the statute allowing the appellant "seventy days after the entry of the judgment or order appealed from within which to prepare and file with the clerk of the district court a record for the appeal." C. S. 1920, Sec. 6404. The same section of the statutes authorizes an extension of said time by the district court or judge, but the record does not show any such extension. That provision of the statute having been held jurisdictional (Goodrich v. Bank, 26 Wyo. 42, 490, 492, 174 Pac. 191, 177 Pac. 138, 188 Pac. 36; Coffee v. Harris, 27 Wyo. 394, 197 Pac. 649), the motion to dismiss must be sustained unless the contention of respondent as to the expiration of the time allowed is erroneous. In so contending, respondent computes the time by excluding May

8, the date of the entry, thus fixing the last date or the date for filing the record as July 17. And that we think is a proper computation under the statutory provision in the civil code, which is controlling as to this matter. That provision is now found in Sec. 5535, C. S. 1920, and reads:

"Unless specially provided, the time within which an act is required by law to be done shall be computed by excluding the first day and including the last, and if the last be Sunday, it shall be excluded."

The appellant's contention is that not only the date of the judgment entry should be excluded, but the following day also. Thus counsel argues that where time is to be computed after a certain day such day must be excluded and the time must be computed as beginning the following day; which is really the method of respondent's computation. But appellant's counsel argues that the said "following" day then becomes the one to be excluded as the first day. And counsel would, therefore, exclude two days. That view is clearly erroneous. The "first day" to be excluded under the statute is the day from or after which the required act is to be done; and in this case that day is the day of the entry of the judgment. It, alone, is to be excluded. That was directly held by this court in Daley v. Anderson, 7 Wyo. 1, 48 Pac. 839, 75 Am. St. Rep. 870. The question arose in that case under a statute providing for taking an appeal from the Board of Control to the district court within sixty days after the determination of the Board and "the entry thereof in the records" of the Board. Construing the record as showing merely that the Board's determination was entered not later than June 30, and taking that as the date of the entry, it was held that the appeal, taken on August 30, was one day too.late; June 30, the date of the entry, being excluded as the *first day* and the date of the taking of the appeal, August 30, being included as the *last day*. The court, by Corn, Justice, said:

"Excluding the first day and including the last, under the rule prescribed by the statute, there elapsed thirty-one days from the entry to the filing of the notice of appeal, or one day more than the time allowed by the statute."

And this court also, by Conaway, Justice, in White v. Hinton, 3 Wyo. 754, 30 Pac. 953, 17 L. R. A. 66 after quoting the statutory provision of the civil code aforesaid, said: "And this is a reasonable rule for computing time, independent of statute." And see: 28 Ency. L., 2nd Ed., 211, 212, 215; 38 Cyc. 317. It is said at the page cited in Cyc.:

"Either the day in which the period begins or the day on which it expires, however, must be included and the other excluded, as it is improper to include or exclude both. * * * The rule most commonly adopted, and the one which is prescribed by statute in many jurisdictions, is that the time within which an act is to be done is to be computed by excluding the first day and including the last."

This court also, in David v. Whitehead, 13 Wyo. 189, 79 Pac. 19, 923, in another opinion delivered by Judge Corn, then Chief Justice, said, with reference to the right to redeem from a sale for taxes "at any time before the expiration of three years from and after the date of the sale;"

"It is apparent that the sale having been made upon September 15, 1898, the three years for redemption would regularly expire upon September 15, 1901."

Thus, the court understood that the date of the sale, from and after which the period for redemption would run, was the only date to be excluded in a regular computation of the time. But since the last day of the period in that case came on Sunday, it was excluded by the statute, making the last date for redemption under the statute the following day, September 16. And this court, in an opinion by Beard, Justice, in Columbia Mining Co. v. Duchess Mining Co., 13

Wyo. 244, 79 Pac. 385, referring to a statutory provision
for the filing of mining location certificates within sixty
days from the date of discovery, again recognized the cor-
rectness of the above method of computation.

There may, of course, be exceptions to the rule, as where
it is otherwise specially provided, or a different intention
clearly appears; and that is illustrated by our decision in
LeClair v. Hawley, 18 Wyo. 23, 102 Pac. 853, construing
a statute of the United States for the disposal of certain
public lands.

The motion to dismiss must therefore be sustained, and
an order will be entered accordingly.

Blume and Kimball, JJ., concur.

NOTE—See 3 C. J. p. 1067; 38 Cyc. pp. 326, 327, 329.