## STATE v. KELLY*
(No. 1253; Oct. 27, 1925; 240 Pac. 207)

APPEAL AND ERROR—FAILURE TO SERVE BRIEF IS GROUND FOR DIS-
MISSAL—CRIMINAL LAW—RECORD OF APPEAL FILED AFTER EXPIRA-
TION OF EXTENSION, TOO LATE.

1. On appeal from conviction for crime, failure of appellant
   to serve copy of brief on Attorney General, as required
   by Supreme Court rules 15, 16, 20, and 21, is sufficient
   ground for dismissal of appeal.
2. On appeal from conviction for crime, where time for filing
   record in district court was extended twice within re-
   quirements of direct appeal statute, such record, filed
   after expiration of second extension, was too late, regard-
   less of another order made thereafter by district judge
   purporting to extend time until filing such record.

*See Headnotes (1) 17 C. J. p. 190; (2) 17 C. J. p. 96.

APPEAL from District Court, Natrona County; ROBERT
R. ROSE, Judge.

Grover Kelly was convicted of an offense and he appeals.
Heard on motion to dismiss.

*David J. Howell*, Attorney General, and *John C. Pickett*,
Asst. Atty. Gen., for the motion.

Appellant failed to serve copy of his brief upon the At-
torney General as required by Supreme Court rules 15 and
16, which failure is ground for dismissal; Grippen vs. State,
20 Wyo. 486, 124 Pac. 764, 128 Pac. 622; Ford vs. Town-
send, 22 Wyo. 397, 143 Pac. 356; Small vs. Savings Bank,
16 Wyo. 126, 92 Pac. 289; notice of appeal was not served
and filed within 10 days, as required by 6402 C. S. which
omission is also a ground for dismissal; Spencer vs. Lowen-
stein, 29 Wyo. 31, 207 Pac. 1098; Northwestern R. R. Co.
vs. Dist. 29 Wyo. 50, 208 Pac. 872; Culbertson vs. Haines-
worth, 26 Wyo. 214, 181 Pac. 418; Goodrich vs. Bank, 26
Wyo. 42, 174 Pac. 191; the record on appeal was not filed
within the time required by 6404 C. S., nor within a valid
extension of said time, which was additional ground for

dismissal; Coffey vs. Harris, 27 Wyo. 394, 197 Pac. 649; Chatterton vs. Bonelli, 27 Wyo. 301, 196 Pac. 316; Morgan vs. State, 26 Wyo. 212, 181 Pac. 598; Cantlins vs. Miller & Chapman, 13 Wyo. 109, 78 Pac. 295; Caldwell vs. State, 12 Wyo. 206, 74 Pac. 496; Casteel vs. State, 9 Wyo. 267; 4 Corpus Juris, 1070.

*Roy H. Bullack* and *W. W. Lacey* for defendant and appellant.

POTTER, Chief Justice.

This case, here on direct appeal, has been submitted upon a motion to dismiss the appeal, and also upon the merits subject to the disposition of that motion. Owing to the failure to serve brief on the Attorney General, no brief on the merits was filed on behalf of the State. Three grounds are stated in the motion to dismiss. 1. That no brief was served upon the Attorney General as required by the court rules. 2. That notice of appeal was not served and filed as required by statute. 3. That the record on appeal was not prepared and filed in the district court within the time required by statute.

The requirements as to filing and serving briefs of the appealing party in a case of this character are found in Rules 15 and 16 of this court. As frequently found stated in our decisions, it is first provided, in Rule 15, that the plaintiff in error, within sixty days after filing the petition in error, and the appellant (in a direct appeal) within sixty days after filing the record on appeal in this court, in both civil and criminal causes, shall file with the clerk four copies of his brief, and within the same period serve upon or mail to the opposite party, or his attorney of record, one other copy of such brief. And, further, in Rule 16, it is provided that in both civil and criminal causes in which the state is a party, or any of its property is involved, counsel shall also serve a copy of their brief upon the attorney general. Provision is made in Rule 20 for extending the time for briefs. It is provided, in Rule 21, that when the plaintiff in error,

or party holding the affirmative, has failed to file and serve his brief as required by the rules, the defendant in error or party holding the negative may have the cause dismissed, or may submit it with or without oral argument. There is nothing on file or in the record here to show the service of appellant's brief upon anyone representing the state either in the court below or in this court. But the fact is not denied that the brief was not served upon the attorney general, and that is sufficient ground for dismissal. Grippen vs. State, 20 Wyo. 486, 124 Pac. 764, 128 Pac. 622; Ford v. Townsend, 22 Wyo. 397, 142 Pac. 356, 1199; Small v. Savings Bank, 16 Wyo. 126, 92 Pac. 289. The Attorney General represents the state in this court in criminal cases. Comp. Stat. 1920 Sec. 154; State ex rel Gibson v. Cornwell, 14 Wyo. 526, 85 Pac. 977.

Whether a notice of appeal was filed and served as required by the statute and within the time prescribed and limited therefor depends upon the sufficiency of a certain paper in the record to constitute or to be considered a notice of appeal. The only paper that we find in the record bearing any resemblance to such a notice, or that might have been intended as one, is entitled "Motion for Stay of Execution of Judgment," is addressed to the district judge, and bears an endorsement signed for the county and prosecuting attorney acknowledging receipt of "copy of this motion" on October 4, 1923, well within the time for filing and serving notice. It states in the body a desire to appeal, but we think it may seriously be doubted whether it can properly be taken as the required notice, the filing and service of which as required by the statute is jurisdictional. But we need not decide the question, in view of the failure to serve brief as required by our rules, and of the further defect in the record referred to in the third ground of the motion to dismiss, which will now be considered.

The direct appeal statute provides that the appellant shall be entitled as a matter of right to seventy days after the entry of the judgment or order appealed from within

which to prepare and file with the clerk of the district court
a record for the appeal, which time may be by the court or
judge thereof extended or enlarged for cause shown.   There
are three orders of extension in the record, the first two only
being effective.   The judgment having been entered on Oc-
tober 3, 1923, the limit of the period, without an extension,
for preparing and filing the record in said district court
would have expired on December 12.   On December 8, well
within that period, an order was made giving thirty days
additional time for said purpose, which extended the time
until and including January 11.   On January 8, 1924,
within said extended period, a second extension order was
made granting thirty days additional time, in addition to
the thirty days granted by the order of December 8.   That
extension therefore enlarged the period for preparing and
filing the record on appeal in said district court up to and
including February 10, when it expired.   On March 6, 1924,
after the expiration of said extended period, another order
was made by the district judge purporting to extend the
time until March 25, 1924, and on that date the record ap-
pears to have been filed, and it is so endorsed.

An extension order not made until after the expiration
of the period originally fixed by statute or the expiration
of the time to which that period has been regularly and
properly extended, comes too late.   Coffee v. Harris, 27
Wyo. 394, 494, 197 Pac. 649, 199 Pac. 931; Berry v. Sam-
ple, 28 Wyo. 272, 203 Pac. 257; Peterson v. Spaugh, 31
Wyo. 26, 222 Pac. 580.   The record on appeal, therefore,
was not filed in the district court in time, and, as held in
the cases cited, the statutory provisions fixing the time for
the preparation and filing of the record on appeal in said
court are jurisdictional.   See also Goodrich v. Big Horn
County Bank, 26 Wyo. 492, 188 Pac. 36.   The motion to
dismiss must therefore be sustained, and an order will be
entered accordingly.

*Dismissed.*

Blume, J., and Tidball, District Judge, concur.