## WOODRUFF v. COKEVILLE LIGHT & POWER CO.
(No. 1417; March 6, 1928; 264 Pac. 704)

*N. W. Reynolds* and *Ivan S. Jones,* for appellant.

*H. R. Christmas,* for respondent.

RINER, Justice.

The case is here on direct appeal. Respondent has filed a motion to dismiss the cause, because the appellant failed to serve upon respondent or its counsel his brief, as required by the rules of this court, and also because the record on appeal was not filed in the District Court, wherein the judgment appealed from was rendered, within seventy days from the date of the entry of said judgment, as required by law. Attached to the motion to dismiss is an affidavit of counsel for respondent, setting out that no service of appellant's brief was made upon him or upon respondent within the period required by the rules of this court, and that he "has not now" a copy of said brief. The affidavit is dated February 14, 1928.

The record on appeal was filed here October 5, 1926. Consequently, under rule 15 of this court, the time for filing and service of appellant's brief on respondent expired on December 4, 1926. While a brief on behalf of appellant is before us marked filed on October 5, 1926, there is no proof whatsoever of service thereof on either respondent or its counsel of record, as required by rule 15 already mentioned, and the statements of the affidavit of counsel for respondent stand before us uncontroverted. Under our rule 21, as construed in the case of State v. Kelly, 33 Wyo. 420, 240 Pac. 207, and extended list of our decisions cited therein, respondent is entitled to have the cause dismissed.

An examination of the record on appeal shows also that the judgment appealed from was entered by the Clerk of the District Court of Lincoln County on May 21, 1926. Under the law (Sec. 6404, W. C. S. 1920), the time for filing the record with the clerk expired on the 30th day of July, 1926. The record shows no extension of time given. It appears that the transcript of the testimony—which, of course, is a part of the record on appeal—was not filed with the Clerk of the District Court of Lincoln County until August 10, 1926. Under the authority of Berry v. Sample, 28 Wyo. 272, 203 Pac. 257, and Scott, et al. v. Wyoming Rock Products Co., 264 Pac. 86, recently decided by this court, and previous decisions of the court referred to in those cases, we are without jurisdiction to consider the record in this case.

It follows from what has been said that the motion to dismiss must be sustained.

*Dismissed*

BLUME, C. J., and KIMBALL, J., concur.