### WY-TEX CORPORATION v. McCULLOUGH
(No. 1904; March 3, 1936; 54 Pac. (2d) 895)

For the plaintiff and appellant there was a brief and oral argument by *P. J. Gallagher* of Portland, Oregon.

For the defendant and respondent there was a brief by *Dan M. McCutcheon* of Belle Fourche, South Dakota, and *E. E. Wakeman* of Newcastle, Wyoming, and oral argument by *Mr. McCutcheon.*

RINER, Justice

This case was undertaken to be brought to this Court by the direct appeal method of appellate procedure. The record submitted shows the judgment

appealed from was entered on the journal of the district court of Weston County, where the case was pending and had been tried, on June 16, 1934. The record on appeal in the cause was not filed in the office of the Clerk of said Court until, as the certificate of the Clerk states, September 10, 1934. This was beyond the period of seventy days after the entry of the judgment appealed from allowed by law for making this filing. (Section 89-4904 W. R. S. 1931.) The submitted record establishes also that no order extending the time for complying with this statutory requirement was made. It has been settled by many decisions of this Court that filing the record in the time after the entry of the judgment appealed from, as prescribed by Section 89-4904, supra, is jurisdictional, that section of the statute being mandatory and not directory. Goodrich v. Big Horn County Bank, 26 Wyo. 42, 174 Pac. 191, 26 Wyo. 492, 188 Pac. 36; Coffee v. Harris, 27 Wyo. 494, 199 Pac. 931; Berry v. Sample, 28 Wyo. 272, 203 Pac. 257; Peterson v. Spaugh, 31 Wyo. 26, 222 Pac. 580; State v. Kelly, 33 Wyo. 420, 240 Pac. 207; Scott v. Wyoming Rock Products Co., 37 Wyo. 527, 264 Pac. 86; Woodruff v. Cokeville Light & Power Co., 38 Wyo. 70, 264 Pac. 704; Barnett v. Bankers' Finance Association, 38 Wyo. 511, 268 Pac. 1025; Electrolytic Copper Co. v. Board of County Commissioner of Albany County, 42 Wyo. 67, 289 Pac. 1096; Wolfe v. Carrels, 47 Wyo. 334, 37 Pac. (2d) 68. The cause must be dismissed.

Additionally we may say that our examination of the record leads us to conclude that there was not only substantial evidence to sustain the judgment of the trial court (Huber v. Glenrock State Bank, 32 Wyo. 357, 376, 234 Pac. 31), but we think the trial court by that judgment disposed of the matters urged here very satisfactorily, and were a dismissal not necessary, an affirmance would be.                    DISMISSED.

KIMBALL, CH. J. and BLUME, J., concur.