CLARENCE RICHARD CHADWICK,

*Appellant and Appellant,*

vs.

GUY K. NAGEL,

*Appellee and Respondent.*

(No. 2489; April 10th, 1951; 229 Pac. (2d) 502)

On Motion to Dismiss for the Respondent the motion to dismiss was submitted on the brief of Frank M. Gallivan and Arthur Kline, both of Cheyenne, Wyoming, and oral argument by Mr. Gallivan.

No appearance for Appellant in opposition to motion to dismiss.

## OPINION

RINER, Justice.

The District Court of Lincoln County rendered a judgment affirming a decision of the State Board of Land Commissioners in favor of the respondent Guy K. Nagel whereby a lease of certain State lands was awarded to him as against the appellant, Clarence Richard Chadwick. For convenience the parties will be referred to hereinafter either as they have appeared in this court or by their respective surnames. The cause comes before us on respondent's motion to dismiss the appeal. We have his brief in support of that motion but no brief in opposition thereto. Counsel for re-

spondent also appeared and argued on behalf of the motion to dismiss. No one has appeared for appellant.

The form of judgment aforesaid signed by the judge who tried the cause and prepared for the guidance of the clerk in entering it on the Court's Journal bears the date, 7th day of March, 1950, and the file mark date thereon over the signature of the clerk of the district court of Lincoln County is March 10, 1950. It would seem not to be clear from the record itself precisely when that entry was made. But our rule adopted June 7, 1949, and effective 1st January, 1950, provides:

"2. A judgment or final order in any case shall be deemed to be entered in contemplation of any provision of the statutes or rules relating to direct appeal to the Supreme Court or to a proceeding in error which refers to the entry of a judgment, whenever a form of such judgment, signed by the trial judge is filed in the office of the clerk of the district court of the county in which such case is pending. If no such form of judgment or final order should happen to be signed by such trial judge in any case, then the actual entry of the judgment or final order on the journal of the proper court shall govern."

It may be here observed that this rule simply announces what this court by its previous decisions has indicated should be taken as a proper interpretation of the status of a record such as is now presented. See Coffee v. Harris infra and other cases heretofore adjudicated by this court and subsequently cited herein.

The clerk's certificate attached to the record on appeal after listing the journal entries made in the case states that:

"the Journal Entries herein referred to, are the only instruments, Journal Entries or proceedings made in said cause and that all of the Journal Entries were made and entered at the time and date shown thereon."

We shall therefore take March 10, 1950 as the date of

entry of the judgment involved here in the journal of the district court as counsel for respondent has done. So far as the disposition of the case is concerned, it makes no difference whether March 7th or March 10th is taken as the date of entry of the judgment.

Section 3-5404 of Article 54 governing the procedure in cases undertaken to be brought here by direct appeal —of which the instant case is one—provides as follows: "The appellant shall be entitled as a matter of right to seventy (70) days after the entry of the judgment or order appealed from within which to prepare and file with the clerk of the district court a record for the appeal, which time may be by the court or the judge thereof, extended or enlarged for cause shown."

Section 3-5405 in detail requires that:

"Whenever the party appealing desires to review the ruling of the district court on the admission or exclusion of evidence, or questions the sufficiency of the evidence to sustain the verdict, finding, judgment, or decision, or alleges that the verdict, finding, judgment or decision is contrary to law, the party appealing shall cause to be prepared by the official court reporter a complete transcript of all the testimony offered at the trial, with each question consecutively numbered, and showing all rulings of the court in admitting or excluding evidence, or in directing or refusing to direct a verdict for either party, which transcript of the testimony and rulings of the court shall be certified to by the official court reporter as being true and correct, and as containing all of the testimony offered at the trial, with the rulings of the court in admitting or excluding evidence, or in directing or refusing to direct a verdict for either party. When the record of the testimony offered at the trial, and the rulings of the court to be included therein, are prepared and certified as provided in this section, the same shall be filed with the clerk of the district court within seventy (70) days from the date of the entry of the order or judgment appealed from, or within the time as extended by the court or judge."

From what has above been set forth it is apparent

that the last day for filing this record on appeal in the office of the clerk of the district court was May 19, 1950, if no "extended or enlarged" time was granted by the "court or judge thereof," and for cause shown. However, we find among the journal entries certified by the clerk as hereinbefore recited a form of order signed by the trial judge dated May 26, 1950, and bearing the file date mark of June 1st, 1950, above the signature of the clerk of the district court. This order reads thus:

"On motion of the above named Appellant, It Is, ORDERED that the time for preparation and filing of record on appeal by said Appellant be, and the same hereby is extended until and including the 29th day of July, 1950, and said appellant is hereby allowed until and including said 29th day of July, 1950, in which to prepare and file such record on appeal in the above entitled cause."

It will be noted that this form of order purports to extend or enlarge appellant's time for filing the record on appeal until and including July 29, 1950. No cause for extending the time for filing the record is shown by this journal entry or elsewhere in the record. It is merely noted that the order was granted on "motion of the above named appellant" and that motion does not appear in the record. The record on appeal in this case was in fact filed in the office of the clerk of the district court aforesaid on July 10, 1950, and the clerk's final certificate to said record also bears that date.

It is obvious that unless the court or judge, at the time that it was undertaken to be done could properly thus "extend or enlarge" the time the record was to be filed in the office of the clerk of the district court of Lincoln County it was filed there too late, and under many prior decisions of this court we are entirely without jurisdiction to review these appeal proceedings.

In Coffee v. Harris 27 Wyo. 394, 197 Pac. 649; and also in the same case on petition for re-hearing, 27 Wyo.

494, 199 Pac. 931, it was held that an order extending the time for filing a record on appeal made *after* the expiration of the 70 day period allowed by the statutes (§§ 6404-05 Wyoming Compiled Statutes 1920, identical with sections 3-5404 and 3-5405 Wyoming Compiled Statutes 1945) will not preserve appellant's rights, i.e. no extension or enlarging order may properly be made after the 70 day period has lapsed.

It is very clear consequently that in the case at bar the extension order was not made until after the expiration of the 70 days time granted by the statutes above quoted as a matter of right. It follows that we are without jurisdiction to consider the instant appeal and the motion of respondent based on that ground must be sustained and the appeal dismissed.

That the views hereinabove expressed are upheld by repeated decisions of this court, see: Berry v. Sample 28 Wyo. 272, 203 Pac. 257; Kabell v. Kabell 42 Wyo. 360, 294 Pac. 695; Wy-Tex Corporation v. McCullough 49 Wyo. 406, 54 P. (2d) 895;; Henning v. City of Casper 63 Wyo. 352, 182 P. (2d) 840. See also many cases considered by this court and touching the questions herein involved which have been cited in the cases above listed.

So many times has this court announced these principles of appellate procedure in direct appeal cases that the members of the bar of this state should now be thoroughly familiar with them. Why they are still at times overlooked we do not know. It would seem that it should not be necessary to mention them so often as the list of cases above set forth establishes it has been when the failure to obey the mandatory terms of our procedural statutes quoted above results in such serious consequences. The disregard of these statutes, which are very easily obeyed, prevents disposition of cases on

their merits and imposes upon litigants needless expense and disappointment.

*Dismissed.*

KIMBALL, C. J., and BLUME, J., concur.