FAIN v. SOUTHERN RAILWAY COMPANY.

(Filed March 4, 1902.)

APPEAL—*Transcript—Laches of Appellant—Laches of Clerk—The Code, Sec. 551.*

Laches of superior court clerks in not transmitting transcript of case on appeal will not excuse laches of appellant in failing to have the transcript sent up within the time required.

ACTION by A. A. Fain, administrator, against the Southern Railway Company. Motion of appellant to reinstate its appeal, the same having been dismissed under Rule 17, is denied.

*Dillard & Bell,* for the plaintiff.
*Geo. F. Bason,* and *A. B. Andrews, Jr.,* for the defendant.

FURCHES, C. J. The appeal in this case should have been docketed at August Term, 1901, under the rules of this Court; but no transcript having been docketed by the appellant, the appellee caused a certificate of the Clerk to be docketed, and the appeal was dismissed, under Rule 17. At the time the plaintiff moved to dismiss the appeal, the defendant moved to reinstate the case and for a writ of *certiorari,* and these motions were continued.

At this term, upon notice by plaintiff to defendant, the motions to reinstate the appeal and for the writ of *certiorari* were heard, when the Court refused both motions.

The defendant showed that it had taken an appeal, filed the required appeal bond, and that the case on appeal was settled and filed in the Clerk's office in August, 1901; and the call of cases from the Sixteenth District, in which district this action was tried, was not had until December of that year. And the defendant appellant contended that it was the

duty of the Clerk to make out and forward the transcript, and that it was no laches on its part that the record was not here in proper time; while the plaintiff appellee alleged and showed that the appellant had not paid or tendered the Clerk's fees for making out the transcript, and insisted that it was not the duty of the Clerk to make out and forward the transcript until this was done. The plaintiff further alleged and showed, by the affidavit of the Clerk, that he had applied to the local counsel of the defendant to know whether he should make out the transcript of appeal or not, and got no satisfactory answer as to whether it was desired that he should do so or not. And the Clerk further says in his affidavit that, if he had been informed by said attorney that he wanted the transcript made out and sent up, he would have done so without the fees being paid. Upon these statements of the Clerk, the Court declined to reinstate the appeal, and of course the motion for *certiorari* went with it.

Under section 551 of The Code, it is the duty of the Clerk, in cases of appeal from his Court when a proper appeal bond is filed, to make up and transmit to this Court the transcript of the case on appeal within twenty days after the case on appeal is settled and filed in his office. And it is intimated in *State .v. Deyton,* 119 N. C., 880, that if he wilfully neglects to do so, he is liable to indictment.

It is true that this Court has held more than once that he need not do so if the appellant neglects or refuses to pay his fees for making out the transcript. But it is hardly probable that this would excuse him for not making out and forwarding the transcript, unless he had notified the appellant that he would require his fees before sending up the transcript, and the appellant, after this notice, refused or neglected to pay for the same. This does not only seem to be the law, but it is the reasonable view to take of the matter,

as the fees can not be ascertained until the transcript is made out, as they are much greater in some cases than they are in others.

But the laches of the Clerk has been held not to excuse the laches of the appellant; that he must be diligent in seeing that the transcript is made out, transmitted to this Court and filed within the time required by the rules of Court. He is the actor, the mover in the matter, and it is his appeal that is delaying the enforcement of the judgment of the Superior Court, which must be presumed to be correct until reversed. And if he was not held to diligence, he might for a long time delay the enforcement of the judgment appealed from, without just grounds of appeal. This the law will not allow. While it provides proper means for having the judgments of the Superior Courts reviewed, the appellant must not use this right as a matter of delay to the prejudice of the appellee. As a general rule, we do not write opinions in matters of this kind. But it seemed to us that neither Clerks nor parties fully appreciated their duties and responsibilities, and we have written this opinion hoping that we may have less trouble of this kind hereafter than we have been having.

Motion to Reinstate Denied.