## BUDD v. ROY.

(No. 945; Decided June 4th, 1919; 181 Pac. 140.)

APPEAL AND ERROR—RECORD—FILING—BRIEFS—DISMISSAL.

1. Where judgment was rendered January 30th, filed January 31st without any showing as to when it was entered, and the record, including the specifications of error filed April 4th, was certified to by the clerk of the district court on the following day, and by the district judge on April 9th, and filed in the Supreme Court on April 26th, the appeal cannot be dismissed on the ground that the record was not filed within time, the statute providing that if the district judge fails to grant a new trial within 20 days from the filing of specifications of error, the clerk of the district court shall transmit the record to the clerk of the Supreme Court, etc.

2. Where the record was filed in the Supreme Court April 25th, but appellant failed to file briefs within the 60 days required, and no action was taken upon an application for extension of time, the appeal will be dismissed for want of briefs; no briefs having been filed before the filing of motion to dismiss.

APPEAL from District Court, Lincoln County, HON. V. J. TIDBALL, Judge.

Action by Charles P. Budd against Sarah Roy. Judgment for plaintiff and defendant appeals. Heard on motion to dismiss. No briefs.

*Ivan S. Jones* and *R. R. Rose,* for plaintiff and respondent.

*Reuel Walton* and *P. W. Spaulding,* for defendant and appellant.

PER CURIAM.

This case was brought to this court by direct appeal and has been submitted on motion to dismiss the appeal, filed March 5, 1919, the motion stating two grounds: 1. That the record on appeal was not filed in this court within the time required by law. 2. That no brief has been filed by the appellant and the time therefor has expired. There is no merit in the first ground, for it appears that the judg-

ment was rendered on the 30th day of January, 1918, and filed January 31, 1918, without any showing, however, as to the date when it was entered, and the record, including the specifications of error filed April 4, 1918, was certified to by the clerk of the district court on April 5, 1918, and by the district judge on April 9, 1918, and the record was filed in this court on April 25, 1918. The statute provides that if the district judge shall fail to grant a new trial within twenty days from the date of filing the specifications of error the clerk of the district court shall thereupon transmit the record to the clerk of this court with the specifications of error. The record was, therefore, promptly filed in this court, and even earlier than required. And it is at least doubtful if a delay of the clerk in transmitting the record to this court would be ground for dismissal. We are not prepared to hold that it would.

But the motion must be sustained on the ground of the failure of the appellant to file briefs. The record having been filed in this court on April 25, 1918, the briefs of appellant should have been filed and served within sixty days thereafter unless within that period the time therefor was duly extended. Such time was not extended. An application for such extension was filed in this court on October 3, 1918, long after the time for filing the briefs had expired, but no action was taken upon such application, evidently for the reason that the time had expired before the filing or presentation of the application. And no briefs have since been filed. For the reasons stated an order will be entered dismissing the appeal.