# SAMUELSON v. TRIBUNE PUBLISHING CO., ET AL.
## (No. 1626; April 29, 1930; 287 Pac. 83)

For the appellant there was a brief and an oral argument by *H. S. Ridgely,* of Cheyenne, Wyoming.

488

For the respondents there was a brief and an oral argument made by *William E. Mullen* and *Joseph C. O'Mahoney,* both of Cheyenne, Wyoming.

*H. S. Ridgely,* in reply.

*Per Curiam.*

The appeal is taken by the plaintiff from a judgment entered against him after he had elected to stand on a petition to which a demurrer had been sustained.

The judgment was entered June 3, 1929. The record for the appeal, including specifications of error, was filed with the clerk of the District Court August 7, 1929, but not filed in this court until January 13, 1930. Because of the delay in filing the record in this court, the respondent asks that the appeal be dismissed. The cause of the delay is shown by statements in an additional brief and affidavits filed by appellant. When the record for the appeal had been filed with the clerk of the District Court, the attorney for appellant requested the clerk to transmit the record to the clerk of the Supreme Court. The clerk of the District Court refused to comply with the request, saying, among other things, that if the attorney "wanted the record in the Supreme Court to take it there." The record remained in the office of the clerk of the District Court until the last of September or first of October, 1929, when the attorney for appellant, learning that the clerk was ill, took the record from the clerk's office. The attorney kept the record until January 13, 1930, when he filed it and his brief with the clerk of this court.

The statutes fix the time for the doing of every required act to commence and perfect an appeal to this court. One of the purposes of these limitations is to compel the diligent prosecution of appeals. State v. Genero, 39 Wyo. 325, 329, 271 Pac. 17. The delay complained of in this case was in transmitting the record to the clerk of the Supreme Court. The law provides "that if the judge of the District Court shall neglect or refuse to grant the appellant a new trial within the period of twenty days from the date on which the specifications of error are filed with

the clerk of the District Court, said clerk shall thereupon transmit to the clerk of the Supreme Court the record on appeal and the specifications of error.'' Sec. 6410, Wyo. C. S. 1920. The word ''thereupon'', as used in the statute, means ''forthwith''. Miller v. New York Oil Co., 32 Wyo. 483, 489, 235 Pac. 323, 325. We have held that an appeal will not be dismissed because the clerk of the District Court sends the record to this court before expiration of the twenty-day period. McClintock v. Ayers, 34 Wyo. 476, 245 Pac. 298. The reasons for that decision would not apply to a case of failure to transmit the record forthwith after the expiration of such period. In Budd v. Roy, 26 Wyo. 210, 181 Pac. 140, 141, we held that the record was filed in this court within the time required by law, and remarked that it was filed ''even earlier than required.'' We then added: ''And it is at least doubtful if a delay of the clerk in transmitting the record to this court would be ground for dismissal. We are not prepared to hold that it would.'' That statement was not necessary to the decision, but we may concede that it expresses a justifiable doubt. The appellant ought not to suffer for the delay of the clerk. It would seem, however, that in some cases delay by the clerk in transmitting the record would create a situation in which it would become the duty of the appellant to take some action to compel a compliance with the statute. An appellant who knows that the clerk is refusing or neglecting to transmit the record cannot by nonaction for an unreasonable time permit the frustration of the purposes of the statutes.

In Fain v. Southern Ry. Co., 130 N. C. 29, 40 S. E. 818, 819, it was said:

''But the laches of the clerk has been held not to excuse the laches of the appellant; that he must be diligent in seeing that the transcript is made out, transmitted to this court, filed within the time required by the rules of court. He is the actor, the mover, in the matter, and it is his appeal that is delaying the enforcement of the judgment of

the superior court, which must be presumed to be correct until reversed; and, if he was not held to diligence, he might for a long time delay the enforcement of the judgment appealed from, without any just grounds of appeal. This the law will not allow."

In Martin v. Phelps, 53 Miss. 134, the clerk of the trial court had failed to send up the transcript, and the case in the Supreme Court was dismissed, the court saying, among other things, that:

"The plaintiffs in error must follow up their suits with all reasonable diligence; and, if they need the aid of this court to enable them to get records here, they must make timely application therefor. The affidavit submitted bears date the 16th October, the first day of this term, and shows conclusively that on that day the plaintiffs in error were apprised of the failure of the clerk to send up the transcript; and, although some six weeks of this term have elapsed, no steps have been taken by the plaintiffs in error in this court, or elsewhere, so far as we are informed, to compel the transmission of a transcript of the record below."

In Harris v. Burt, 47 Calif. App. 480, 190 Pac. 1058, 1059, we find this language:

"It is contended by appellant that, having done all that the law requires in order to be entitled to the benefit of an appeal under the so-called 'alternative method,' she should not be made to suffer because of the neglect, failure, or refusal of the clerk to perform his duty. In this we quite agree. But such things do sometimes happen in the best regulated offices. When they do, and when this fact is known, as in the instant case, by the appealing party, the latter cannot sit idly by, neglecting, failing, or absolutely refusing to avail himself of any of the several provisions of law to compel the performance by the proper officer of his duty in such case, and by such neglect, failure, or refusal succeed in depriving the opposing litigant of the fruits of a righteous judgment (if such it be), and escape the granting of a motion to dismiss the appeal under such circumstances."

In the case at bar it is admitted that the attorney for appellant from the time the specifications of error were filed in the District Court knew that the clerk refused to transmit the record to this court. Nothing was done to compel the clerk to act. Some 50 days after the filing of the specifications of error, the attorney for appellant obtained the record and kept it for 115 days, a period longer than the sum of all the periods given of right by the statute for the taking of the steps necessary to lodge an appeal in this court. Whatever may be said of the delay before the time when the attorney obtained the record from the clerk's office, it is clear that the further delay ought not to be excused. The appeal will be dismissed.

*Appeal Dismissed.*