## KABELL v. KABELL
(No. 1682; Dec. 30, 1930; 294 Pac. 695)

For the plaintiff there was a brief and oral argument by *M. A. Kline*, of Cheyenne, Wyoming.

For the defendant and appellant there was a brief and oral argument by *Louis Kabell, Jr.*, of Evanston, Wyoming, *pro se*.

Riner, Justice.

This case is undertaken to be brought here by direct appeal from an order made by the District Court of Uinta County on May 7, 1930. The record prepared for use on the appeal was filed in that court on May 12, 1930. It was not filed in this court until September 22, 1930—a matter of 133 days later. Respondent has presented her motion to dismiss the appeal because of this delay in perfecting the proceeding. In support of the motion she submits the

affidavit of the clerk of the District Court aforesaid, to the effect that the reason the record was not sent here by the clerk as the law directs, was that he was specifically requested by appellant not to forward the same until the latter instructed him so to do, and that appellant knew at all times from May 12, 1930 until on or about September 20, 1930 (the date it was forwarded by said clerk) that the record on appeal had not been transmitted to the clerk of this court for filing. This motion has been duly argued by counsel and submitted for our decision.

Appellant, while conceding that the record was delayed in being filed here as stated above, and while conceding also that the affidavit of the clerk of the trial court correctly states the reason for such delay, insists that he was engaged in correspondence with counsel for respondent looking to a settlement of the pending litigation between the parties. But we do not think this constitutes a sufficient excuse for disobeying the clear intent of the statute concerning the sending up of the record on appeal to this court. To say the least, the view thus urged would open the door too widely for serious delays in the disposition of appellate litigation—the very thing the direct appeal law was fashioned to prevent. Coffee v. Harris, 27 Wyo. 494, 498, 199 Pac. 931; State v. Genero, 39 Wyo. 325, 329, 271 Pac. 17; Samuelson v. Tribune Publishing Co., 41 Wyo. 487, 287 Pac. 83.

But even if we were to assume the validity of the excuse tendered, an inspection of the copies of the correspondence submitted by appellant establishes that negotiations regarding an attempted settlement of the existing controversies between the parties were broken off on or about June 6, 1930—some 107 days before the record was filed here. The situation thus shown brings the case, as we see it, clearly within the rule announced in the Samuelson case, supra, and requires that the motion to dismiss the appeal be sustained.

This conclusion is reached, too, with a feeling on our part that it is for the best interests of all parties to the litigation. An examination of the record and briefs on file here shows that there are two other cases pending in the court below involving identical and other matters in which the rights of all concerned in this cause can be more fully, fairly and promptly adjudicated than would be possible in the instant case. Our action in the premises will enable those cases to pass to final disposition without further delay or expense, so far as these proceedings are concerned.

On perusing the record before us, we notice that it has incorporated in it a number of briefs prepared by counsel on the several motions which were considered and acted upon by the trial court as the case progressed there. This is not at all proper. Section 6406, W. C. S. 1920, clearly points out what shall be included in the record on appeal and its directions most certainly should be strictly followed.

*Dismissed.*

BLUME, C. J., and KIMBALL, J., concur.