PORTER, ET AL. v. CARSTENSEN
(No. 1713; Feb. 23, 1932; 8 Pac. (2d) 446)

For the plaintiffs and respondents there was a brief and an oral argument by *C. H. Harkins,* of Worland, Wyoming, in support of motion to dismiss.

For the defendant and appellant there was a brief and oral argument by *Charles L. Brome,* of Basin, Wyoming, *contra.*

*Per Curiam.*

This case, relating to boundaries of land, is here by direct appeal, and a motion to dismiss the case has been made on the ground that the record on appeal was not filed in this court in time. It was filed in the trial court on February 24, 1931. The specifications of error were filed March 2, 1931, and the record, together with the specifications of error, were filed in this court on May 1, 1931. Section 89-4910, W. R. S. 1931 (formerly Sec. 6410, W. C. S. 1920) provides that if no new trial is granted by the trial court within 20 days after the specifications of error, the record on appeal and the specifications of error shall thereupon be transmitted to this court. In Samuelson v. Tribune Pub. Co., 41 Wyo. 487, 287 Pac. 83, we dismissed the appeal, because of the long delay in filing the papers in this court, and we held, following previous cases, that the statute contemplates that the record on appeal should be transmitted to this court ''forthwith,'' after the expiration of the twenty days above mentioned. To make the time specific,

so that no one might err, we thereafter adopted Rule 35, effective January 1, 1931 (42 Wyo. 539), reading as follows:

"A case brought by direct appeal to the Supreme Court shall be subject to dismissal, if the record on appeal shall not have been filed in the office of the clerk of the Supreme Court within sixty days after such record shall have been filed in the office of the clerk of the District Court as required by law. In cases of direct appeal, however, from an order granting a new trial, the case shall be subject to dismissal, if the record on appeal shall not have been filed in the Supreme Court within sixty days after the entry of such order. This rule shall not apply to cases in which the statute, as now in compensation cases, fixes a definite and different time for filing such record in the Supreme Court."

In the case at bar the record an appeal was not filed in this court within the time required by the rule. The excuse given by counsel for appellant is that on March 2nd, 1931, he told the clerk of the District Court to transmit the record here on the expiration of 20 days; that the clerk, whom he had always found reliable, agreed to do so, but neglected it, and that this was not discovered until about April 22, 1931. We do not think the excuse sufficient. It does not appear thereby that counsel, even by a slightly greater diligence, could not have had the record here in time. Counsel evidently paid no attention to the matter for a whole month after the 20 days had expired. Even after that it took eight days before, by the transmission of the record and the payment of the filing fee, the case could properly be docketed in this court. If we should excuse the delay in this case, we should thereby practically modify the phrase of the rule "within sixty days," by adding thereto "more or less," and we should then, in every case in which the record were filed after the expiration of sixty days, have to determine as to whether or not a reasonable or unreasonable time after the expiration of the 60 days had elapsed, and thus again

be faced with the identical evil which we attempted to remedy by the adoption of the rule. The case will, accordingly, be dismissed.