SAMUEL, ET AL. v. CHRISTENSEN-GARING, INC.

(No. 1890; November 21, 1934; 37 Pac. (2d) 680)

In support of the motion to dismiss, there was argument by *M. A. Kline,* of Cheyenne, Wyoming.

PER CURIAM:

This case is here on direct appeal. The record on appeal was filed in the district court on June 9th, 1934, and in this court on August 10th, 1934, the intervening time being sixty-two days. The docket fee to be paid to the clerk of this court was paid on the last mentioned date.

The respondent has filed herein a motion to dismiss the appeal on the ground that the foregoing record was not filed in this court within the time required by the statute and the rules of this court. The appellant has filed a resistance to the motion, alleging that "it was not the duty of this defendant and appellant to transmit said record and that if the same did not arrive in the Supreme Court within the time required that said omission was not the fault or failure of this defendant and appellant; that if said record on appeal did not arrive in the Supreme Court within the period prescribed, it did arrive there within a day or two thereafter and such error was and is harmless and not prejudicial to the plaintiffs and appellees." The so-called resistance to the motion is not supported by any affidavit, and we cannot, accordingly, treat it as showing any valid excuse for not filing the record on appeal in this court within the necessary time. The fact that the docket fee, to be paid to the clerk of this court, was not paid until August 10, 1934, seems to indicate that no valid excuse exists. Counsel for appellant, however, argues that the statute makes it the duty of the clerk of the trial court and not of appellant to transmit the record to this court, and that in any event a delay of two days should not be considered such negligence as would warrant the court in dismissing the appeal. But counsel has overlooked the provisions of the statute and has not sufficiently considered what we have said in previous cases. Section 89-4910, Rev. St. 1931, provides that if no new trial is granted within twenty days after the specifications of error are filed, the clerk shall "thereupon" transmit the record to this court. We held in Samuelson v. Tribune Co., 41 Wyo. 487, 287 Pac. 83, that "thereupon" mentioned above means "forthwith"; that it is the duty of counsel for appellant to look after the filing of the record in this court, and that in case of undue delay the appeal will be dismissed. See also

Lion Coal Co. v. Contas, 42 Wyo. 94, 107, 291 Pac. 314. Such dismissal was entered in the Samuelson case and again in Kabell v. Kabell, 42 Wyo. 360, 294 Pac. 695. And in order to clarify the term "forthwith" as above mentioned, we adopted Rule 35 of this court, providing in part that "a case brought by direct appeal to the Supreme Court shall be subject to dismissal, if the record on appeal shall not have been filed in the office of the clerk of the Supreme Court within sixty days after such record shall have been filed in the office of the clerk of the district court as required by law." This rule, and the reasons for its adoption, were considered in Porter v. Carstensen, 44 Wyo. 49, 8 P. (2d) 446. In that case the record on appeal was filed in this court within 66 days after it had been filed in the trial court. On motion, the case was dismissed. We pertinently said:

"If we should excuse the delay in this case, we should thereby practically modify the phrase of the rule 'within sixty days,' by adding thereto 'more or less,' and we should then, in every case in which the record was filed after the expiration of 60 days, have to determine as to whether or not a reasonable or unreasonable time after the expiration of 60 days had elapsed, and thus again be faced with the identical evil which we attempted to remedy by the adoption of the rule."

The reasoning in that case fully answers the contention of counsel for appellant in the case at bar. The motion to dismiss must be sustained, and it is so ordered.

*Dismissed.*