SNIDER v. RHODES (SNIDER, ET AL., INTERVENERS)

(No. 2071; May 25, 1938; 79 Pac. (2d) 481)

158.

In support of the Motion to Dismiss appeal, there was a brief by *Maurice L. Cone, H. Glenn Kinsley* and *Louis J. O'Marr,* all of Sheridan.

In resistance to the motion to dismiss the appeal, there was a brief by *R. G. Diefenderfer* and *John F. Raper* of Sheridan.

PER CURIAM.

This case is pending on a motion to dismiss the appeal, on account of the record on appeal not having been filed in this court within the time prescribed by Rule 35 of this court, which provides: "A case brought

by direct appeal to the Supreme Court shall be subject to dismissal if the record on appeal shall not have been filed in the office of the clerk of the Supreme Court within sixty days after such record shall have been filed in the office of the clerk of the district court as required by law." The record on appeal in this case was filed in the office of the clerk of the district court of Sheridan County, Wyoming, on November 27, 1937. It was received by the clerk of this court on January 10, 1938, but the fee of $15 for filing it was not received until January 29, 1938. The latter date, accordingly, is the date on which the record on appeal is considered as having been filed in this court. Posvar v. Royce, Sheriff, 37 Wyo. 34, 258 Pac. 587. That was more than sixty days after it had been filed in the district court. We have several times dismissed appeals for violating Rule 35. In re Federal Lands Emergency Construction Project, etc., 50 Wyo. 41, 57 P. (2d) 684; Samuel v. Christensen-Garing, 47 Wyo. 331, 37 P. (2d) 680; Porter v. Carstensen, 44 Wyo. 49, 8 P. (2d) 446. It is claimed by counsel for appellant that the rule is void. They contend that the statute makes no provision as to when a record on appeal shall be filed, and that the court has no power to fix the time. Counsel are in error. Section 89-4910, R. S. 1931, provides that if no "new trial is granted by the district court within the period of twenty days from the date on which the specifications of error are filed with the clerk of the district court, said clerk shall thereupon transmit to the clerk of the supreme court the record on appeal and the specifications of error." Prior to the adoption of the rule above mentioned the court was continually confronted with the question as to the time thus fixed by the statute. We held in Samuelson v. Tribune Publishing Company, 41 Wyo. 487, 287 Pac. 83, that the statute contemplates that the record on appeal shall be transmitted "forthwith" after the expiration of the

twenty days above menioned. To make the time specific, so that no one might err, we thereafter adopted Rule 35, effective January 1, 1931. The rule merely interprets, and applies the statute above mentioned. Instead of determining each time as to when is the proper time within the contemplation of the statute, the court has fixed the time once and for all. We think that the rule is fully authorized by Section 31-107, R. S. 1931, which provides:

"The Supreme Court may prescribe rules of practice for said court, not inconsistent with the constitution or laws of this state, and when such rules are adopted by the court, the same shall be binding upon the court and the attorneys thereof, and the parties having business therein, as though the same were enactments of the legislature of the state."

The validity of the rule is sustained by a number of authorities. Nudd v. Fuller, 150 Wash. 389, 273 Pac. 200; Ernst v. Lamb, 73 Colo. 132, 213 Pac. 994; Swann v. State, 153 Md. 700, 138 Atl. 329; Johnson v. Superior Court, 79 Cal. App. 650, 250 Pac. 686; Sullivan v. Pierce, (CCA) 186 Fed. 783; 7 R. C. L. 1025. It has generally been recognized that courts have power, particularly in the absence of a provision in the statute, to provide for the time in which an appeal may be taken. In 4 C. J. S. 484, Sec. 478, it is said:

"Appeals or other proceedings for review must be prayed, taken or perfected within such time as may be fixed therefor by governing rules of court or, as is more frequently the case, statutes."

In Nudd v. Fuller, supra, the court said:

"While it is true that the right of appeal is a substantive right and one which cannot be taken away by the rule-making power of the court, yet clearly the time within which an appeal may be taken and the method to be pursued and the steps to be taken in perfecting an appeal, are purely questions of procedure and come within the purview of our statute."

Counsel for appellant further urge that if the rule is valid it should be construed liberally; that in this case the appellant is poor, and should be excused. They filed an affidavit stating that "appellant is a poor man and was unable to provide said fee to these affiants until January 27, 1938," and that thereupon the money was immediately transmitted to the clerk of this court. But counsel must be aware that in defining the statutory time of "forthwith" at sixty days after the filing of the record in the district court, the court was liberal. And it was liberal for the express purpose of avoiding the situation with which we were confronted prior to the adoption of the rule. See Porter v. Carstensen, supra. The granting of requests such as now made would make the rule worthless. The judgment in this case was entered on September 9, 1937. Appellant, accordingly, had more than four months during which to raise the $15.00. We think that we cannot accept the explanation as a valid excuse. The motion to dismiss will accordingly be sustained.

*Motion Sustained.*