## SAYRE v. ROBERTS ET AL.

(No. 2091; December 5, 1938; 84 Pac. (2d) 718)

For the plaintiff and respondent the motion to dismiss the appeal was argued orally by *James O. Wilson* of Cheyenne, Wyoming, appearing for *E. T. Lazear* of Cheyenne, Wyoming, and *E. C. Raymond* of Newcastle, Wyoming; and for the defendants and appellants the motion was argued by *Preston T. McAvoy* of Newcastle, Wyoming. No briefs were filed.

PER CURIAM.

Respondent in this cause has filed his motion asking that the cause be dismissed for failure to obey the rules of procedure governing direct appeals. The facts requiring consideration on our part in order to dispose of the matter are few. The Clerk of the District Court within and for Weston County certifies in the record that the record on appeal was filed in her office on the 12th day of April, A. D. 1938. It was stipulated between counsel for both parties that the time within which to file the specifications of error required by Section 89-4908 W. R. S., 1931, might be extended to and including the 2nd day of May, A. D. 1938, and that a like extension of time might be made under the provisions of Section 89-4910.

Section 89-4908 in substance requires the appellant, within ten days after the record on appeal is prepared and filed, to serve upon the adverse party, or his attorney, and file with the Clerk of the District Court the

specifications of error in a proceeding by direct appeal. Section 89-4910 requires the Clerk within five days after the specifications of error are filed in his office to notify the Judge of the District Court before whom the action was tried, in writing, that the record on appeal in the cause is perfected and on file in his office, and declares that "it shall thereupon become the duty of such judge, within fifteen days after receiving such notice, to review the record on appeal and consider the specifications of error."

The stipulation aforesaid was signed on April 22, 1938, the day the specifications of error were required by law to be filed. Pursuant to said stipulation an order of the District Court was made, on the same day, purporting to extend the time for filing the specifications of error as provided by said stipulation, and also undertaking to extend the terms and provisions of Section 89-4910, mentioned above.

The specifications of error were in fact filed in the District Court on April 29, 1938. Section 89-4910, supra, also directs that if the Judge of the District Court "shall neglect or refuse to grant the appellant a new trial within the period of twenty days from the date on which the specifications of error are filed with the clerk of the district court, said clerk shall thereupon transmit to the clerk of the supreme court the record on appeal and the specifications of error."

In Samuelson v. Tribune Publishing Company, 41 Wyo. 487, 287 Pac. 83, we held that the word "thereupon," as used in the language last quoted, meant "forthwith." Subsequently, with the idea of clarifying the meaning of the statute by fixing a definite time within which the filing of the record in this court should be made, this court adopted, on September 30, 1930, after the rendition of the decision just mentioned, its Rule 35, effective January 1, 1931, which so far as pertinent here reads:

"A case brought by direct appeal to the supreme court shall be subject to dismissal, if the record on appeal shall not have been filed in the office of the clerk of the supreme court within sixty days after such record shall have been filed in the office of the clerk of the district court as required by law."

In the case at bar the record on appeal was not filed in this court until June 29, 1938. It will be observed that more than sixty days elapsed between the date on which the record was filed in the district court and the date on which said record was filed in this court. Something was said at the argument concerning the concluding sentence of Section 89-4906 W. R. S., 1931, which provides in part, "the specifications of error, when filed, shall be authenticated by the certificate of said clerk and attached to the record by him and shall thereupon become a part of the record," to the effect that the sixty day period fixed by the rule should run from that date. Whether this is so or not, a point extremely doubtful in view of the language of the section last cited preceding the quotation from it given above, it is unnecessary for us to decide inasmuch as the sixty day period provided by Rule 35 aforesaid elapsed before the record was filed here, whether the time be computed from April 12th or April 29th. No legal excuse for non-compliance with the rule has been presented.

It is unnecessary to point out that our rules·have the force of statutes. Under the authority of the recent decision made by this court in Snider v. Rhodes (Wyo.) 79 Pac. (2d) 481, and the decisions there cited, no other course is open to us but to sustain the motion to dismiss, and an order to that effect will be entered.

*Motion sustained.*