W. E. BAEHR, Plaintiff and Appellant,

v.

W. W. LUCE, MRS. W. W. LUCE, also known as Amanda Luce, his wife, and GEORGE W. SMITH, Defendants and Respondents.

(No. 2263; Oct. 26, 1943; 142 Pac. 2d 270)

For the defendants and respondents there was a brief by J. A. Christmas of Kemmerer, Wyoming, and oral argument by Ewing T. Kerr of Cheyenne, Wyoming, in support of motion to dismiss.

For the plaintiff and appellant there was a brief and oral argument by Ivan S. Jones of Kemmerer, Wyoming, in opposition to motion to dismiss.

## OPINION

RINER, Justice.

The plaintiff and present appellant, a real estate broker of Kemmerer, Wyoming, brought his action against W. W. Luce and Mrs. W. W. Luce, his wife, as defendants and present respondents claiming to have

earned a broker's commission relative to some ranch property owned by defendants and listed with him and George W. Smith, a Utah real estate broker, for sale. Plaintiff's petition was amended several times and to his third amended pleading the defendants interposed a demurrer which was sustained by the court, and plaintiff declined to further plead. The court thereupon entered a judgment of dismissal of the action against him, and he has attempted to bring that judgment here for review by a direct appeal.

However, we are confronted with a motion filed by respondents to dismiss the appeal on the ground that the record therein was not filed in this court within the time fixed by our Rule 35 which has been operative since January 1, 1931 (42 Wyo. 539).

An inspection of the record discloses that it was filed in the District Court of Sublette County on August 28, 1942. The Specifications of Error in the case were filed in that court August 31, 1942. The record was not filed here until November 18, 1942.

The pertinent part of Rule 35 applicable here reads:

"A case brought by direct appeal to the Supreme Court shall be subject to dismissal, if the record on appeal shall not have been filed in the office of the clerk of the Supreme Court within sixty days after such record shall have been filed in the office of the clerk of the District Court as required by law. * * *"

Leave is asked by appellant through motion to file affidavits of the Clerk of the District Court of Sublette County and of his counsel which tended to establish that the failure to file the record in time was due to the "inadvertence and oversight" of the Clerk. We shall assume for the purpose of disposing of the matter that this is true to some extent. However, in Samuelson v. Tribune Publishing Company, 41 Wyo. 487, quoting

from Fain v. Southern Ry. Co., 130 N. Car., 29, 40 S. E. 818, 819, this significant language was used:

"But the laches of the clerk has been held not to excuse the laches of the appellant; that he must be diligent in seeing that the transcript is made out, transmitted to this court, filed within the time required by the rules of court. He is the actor, the mover, in the matter, and it is his appeal that is delaying the enforcement of the judgment of the superior court, which must be presumed to be correct until reversed; and, if he was not held to diligence, he might for a long time delay the enforcement of the judgment appealed from, without any just grounds of appeal. This the law will not allow."

It appears that counsel for appellant under date of August 27, 1942 wrote to the clerk aforesaid and made certain suggestions concerning the latter's disposition of the record in this case among which was a direction to "file the Specification of Error as of the 31st inst.". As already noted, this was done. After advising the clerk to notify the trial judge that the Record on Appeal was perfected, the letter above mentioned concluded, "You are required to hold the Record on Appeal for twenty days after notice to the judge." It will be observed that nothing was said about thereafter promptly sending the record to the clerk of this court and nothing was said about the imperative language of the rule quoted above.

In Porter v. Carstensen, 44 Wyo. 49, 8 Pac. 2d 446 we said:

"The excuse given by counsel for appellant is that on March 2nd, 1931, he told the clerk of the District Court to transmit the record here on the expiration of 20 days; that the clerk, whom he had always found reliable, agreed to do so, but neglected it, and that this was not discovered until about April 22, 1931. We do not think the excuse sufficient. It does not appear thereby that counsel, even by a slightly greater dili-

gence, could not have had the record here in time. Counsel evidently paid no attention to the matter for a whole month after the 20 days had expired."

And the cause was dismissed.

The facts in Brazzil v. Board of County Commissioners of Sublette County, 50 Wyo. 41, 57 Pac. 2d 684 were, as shown by the opinion filed therein, that:

"It is shown by affidavit that, after the records were filed in the district court, a stenographer was permitted to take them to Driggs, Idaho, to prepare abstracts of the records; after the abstracts were prepared the weather became so severe that for 18 days there was no mail service from Driggs, and for that reason the stenographer was unable to return the records to the clerk of the district court until about January 11, 1936, after the expiration of the time for filing the records in this court. The records were received by our clerk on January 13, but the filing fee was not paid until January 17."

It was held that this alleged excuse for not filing the records in time was insufficient. And the causes were dismissed.

A full explanation of the reasons why this Rule 35 was adopted may be found in the Porter v. Carstensen case, supra, and we consider it quite unnecessary to restate them as there given at this time.

When the 20 days expired as mentioned in counsel's letter to the Clerk of the District Court of Sublette County, if the former had forthwith notified the latter to send the record to this court immediately and had told him why that should be promptly done, very likely the record would have been filed here in time. If the clerk had thereafter delayed or declined to act, it is equally plain that the trial judge would have set the matter right upon being notified of the situation. But

after writing the letter aforesaid, it is evident nothing was done until the time had elapsed for proper filing of the record here.

Promptness in the dispatch of the business in this court is reasonably expected by the people of Wyoming, and rightly so. Counsel for parties, as officers of the court, must partake of this responsibility as well as the court. We have many times said in the past that we regret to be compelled to dispose of a case otherwise than on the merits, but, as all members of the profession know, we must have orderly rules of procedure, and these rules must be obeyed. Such has been the position taken by this court since its establishment when Wyoming entered the Union. We are not inclined to overrule our carefully considered former decisions concerning the enforcement of Rule 35, and we do not believe counsel expects us to do so. It is quite apparent that the rule and those former decisions govern this case, and the motion to dismiss must be sustained. See additionally to the cases cited above: Samuel et al. v. Christensen-Garing Inc., 47 Wyo. 331, 37 Pac. 2d 680; Snider v. Rhodes, 53 Wyo. 157, 79 Pac. 2d 481.

The record herein is a short one and we have taken the time and trouble to examine the case on its merits. That examination leads us to think that the trial court was right in the conclusion reached in the cause, that if the action we are now obliged to take were not imperative, we would, nevertheless, be constrained to affirm the decision of the District Court of Sublette County.

*Dismissed.*

KIMBALL, Ch. J., and BLUME, J., concur.