W. F. HENNING,

*Plaintiff and Appellant,*

vs.

CITY OF CASPER, a Municipal Corporation,
*Defendant and Respondent.*

(Nos. 2371, 2372, 2373, 2374, 2375 and 2376; June 10, 1947;
182 Pac. (2d) 840)

For the plaintiff and appellant the motions to dismiss the appeals were submitted on the briefs of R. N. Ogden of Casper, Wyoming and F. W. Harding of Denver, Colorado and oral argument by Mr. Ogden.

For the defendant and respondent the motions to dismiss the appeals were submitted on the brief and oral argument by E. L. McCrary of Casper, Wyoming.

## OPINION

PER CURIAM.

These six cases all entitled "W. F. Henning, Plaintiff and Appellant vs. City of Casper, a municipal corpora-

tion, Defendant and Respondent" come before us at this time upon separate motions to dismiss the direct appeal proceedings in each case, said proceedings being brought in an endeavor to secure the review by this court of certain judgments rendered by the District Court of Natrona County. Briefs in support of and in opposition to the several motions have been filed and arguments of counsel have been submitted in connection with them.

## CASES Nos. 2371, 2373, 2375

These three cases each present the question whether or not the records on appeal in them were filed in the office of the clerk of this court within the time fixed by statute and the rule of this court for such filings.

An inspection of these records discloses the following facts: In Case No. 2371 both the filing stamp on the record on appeal affixed by the clerk of the district court of Natrona County together with his signature and the notice of perfection of the record on appeal over the signature of the clerk and the seal of said court and which was served upon the district judge who tried the case, state that the record on appeal was filed in said clerk's office on August 5, 1946. The specifications of error therein were filed August 8, 1946. The notice of perfection of this record on appeal was served on the district judge on August 9, 1946. No new trial was granted in the case.

In Case No. 2373 the filing stamp on the record on appeal affixed by the clerk of the district court aforesaid together with his signature states that the record on appeal was filed in that official's office on July 29, 1946 while the notice of perfection of the record on appeal served upon the district judge who tried the case states over the signature of the clerk and the seal of said court that the record on appeal was filed in the latter's office

on August 5, 1946. The specifications of error therein were filed August 5, 1946. The notice of perfection of this record on appeal was served on the district judge on August 7, 1946. No new trial was granted in this case.

In Case No. 2375 both the filing stamp on the record on appeal affixed by the clerk of the district court of Natrona County together with his signature and the notice of perfection of the record on appeal over the signature of the clerk and the seal of said court and which was served upon the district judge who tried the case, state that the record on appeal was filed in said clerk's office on July 31, 1946. The specifications of error were filed in this case August 6, 1946 and the notice of perfection of this record on appeal was served on the judge August 8, 1946 but no new trial was granted in this case.

The records on appeal in each of these three cases were not filed in the office of the clerk of this court until March 24, 1947.

The statute of this state which governs the time for filing records on appeal in this court is Section 3-5410, Wyoming Compiled Statutes 1945 (Section 89-4910 Wyoming Revised Statutes 1931) which reads:

"The clerk of the district court shall, within five (5) days after the specifications of error are filed in his office, notify the judge of the district court before whom the action was tried, in writing, that the record on appeal in the cause is perfected and on file in his office, and it shall thereupon become the duty of such judge, within fifteen (15) days after receiving such notice, to review the record on appeal and consider the specifications of error, and if such district judge shall determine that the party appealing is entitled to a new trial of the issue he shall make and enter an order in the cause granting the party appealing a new trial, in which event the record shall remain with the clerk of the district court for trial in said court, unless the respondent

shall appeal to the supreme court from the order of the district court, granting the appellant a new trial, in which event the record on appeal, as perfected, shall constitute the record on appeal in the cause; provided, further, *that if the judge of said district court shall neglect or refuse to grant the appellant a new trial within the period of twenty (20) days from the date on which the specification of error are filed with the clerk of the district court, said clerk shall thereupon transmit to the clerk of the supreme court the record on appeal and the specifications of error.* If the judge of the district court shall, within the time limited by this Act (§§ 3-5401—3-5415), grant the party appealing a new trial and the other party shall appeal from such order, the clerk of the district court shall attach to the record on appeal, as prepared, said order and forthwith transmit the whole of such record to the clerk of the supreme court, and the party so appealing from such order granting a new trial shall be designated appellant and the opposite party respondent. Such appeal shall be. perfected by serving a notice of appeal in writing on the opposite party in the same manner as is provided by the provisions of Section 2 (§ 3-5402) of this act. (Laws 1917, ch. 32. § 10; C. S. 1920, § 6410; R. S. 1931, § 89-4910)."

We have italicized the pertinent clause in the law as it concerns these cases at present.

The rule of this court which also definitely affects the disposition of these motions to dismiss is that part of Rule 35 which reads:

"A case brought by direct appeal to the supreme court shall be subject to dismissal, if the record on appeal shall not have been filed in the office of the clerk of the supreme court within sixty days after such record shall have been filed in the office of the clerk of the district court as required by law".

This rule is to be accorded the force of statute (Sayre vs. Roberts 53 Wyo. 491, 84 Pac. 2d 718) and has been operative since Jan. 1, 1931. The reason for its adoption was explained in Porter vs. Carstensen, 44 Wyo. 49, 8 Pac. 2d 446.

It is clear that the explicit requirements of neither the statute nor our Rule 35 were complied with, as the records on appeal in these three cases were not filed until long after the sixty day limitation period fixed by the rule aforesaid, had lapsed, to wit, on March 24, 1947. The disposition of the motions to dismiss must be held to be ruled by the previous decisions of this court in Samuelson vs. Tribune Publishing Co., 41 Wyo. 487, 287 Pac. 83; Kabell vs. Kabell, 42 Wyo. 360, 294 Pac. 695; Porter vs. Carstensen, 44 Wyo. 49, 8 Pac. 2d 446; Samuel vs. Christensen-Garing Inc., 47 Wyo. 331, 37 Pac. 2d 680; Brazzil vs. Board of County Commissioners, 50 Wyo. 41, 57 Pac. 2d 684; Snider vs. Rhodes 53 Wyo. 157, 79 Pac. 2d 481; Sayre vs. Roberts, 53 Wyo. 491, 84 Pac. 2d 718; Baehr vs. Luce, 59 Wyo. 462, 142 Pac. 2d 270.

It is argued now as it was in the Samuel vs. Christensen-Garing Inc. case supra, that it was the duty of the clerk of the district court to send these records on appeal to this court in apt time and also that an appellant is "without remedy any time before expiration of the sixty days after termination of the district judge's opportunity to grant a re-hearing." As said in the case last mentioned, "counsel has overlooked the provisions of the statute and has not sufficiently considered what we have said in previous cases". In the Samuelson case, supra, the language of the opinion in Fain vs. Southern Ry. Co., 130 N. C. 29, 40 S. E. 818, 819 was quoted, reminding counsel that appellant:

"must be diligent in seeing that the transcript is made out, transmitted to this court, filed within the time required by the rules of court. He is the actor, the mover, in the matter, and it is his appeal that is delaying the enforcement of the judgment of the superior court, which must be presumed to be correct until reversed; and, if he was not held to diligence, he might for a long time delay the enforcement of the judgment appealed

from, without any just grounds of appeal. This the law will not allow."

In Baehr vs. Luce, supra, it was said:

"When the 20 days expired as mentioned in counsel's letter to the Clerk of the District Court of Sublette County, if the former had forthwith notified the latter to send the record to this court immediately and had told him why that should be promptly done, very likely the record would have been filed here in time. If the clerk had thereafter delayed or declined to act, it is equally plain that the trial judge would have set the matter right upon being notified of the situation."

The difficulty in the cases at bar seems to have been that counsel did not at any time present a written or other request to the clerk of the district court to have him send the records here promptly for proper filing. Neither was it presented to the district judge that the clerk had either neglected or refused to act for any appreciable time after the 20 day period had ended within which the judge was required to grant a new trial if he decided to do that. 14 C. J. S., 1248 says of a court clerk that:

"In the performance of his duties as the ministerial officer of the court, he is subject to the control of the court; and if he fails or refuses to perform any of such duties, when directed so to do by the court he may be punished for contempt."

Section 1-602 Wyoming Compiled Statutes 1945 in defining the duties of clerks of district courts says in part that the clerk:

"shall attend upon the terms of court held in the county for which he is elected, and perform such duties relating to his office as may be required of him by the court, and shall perform all such other duties relating to his office as are required of him by law or the rules and practice of the courts."

It is contended that as the records were submitted to counsel for respondent on March 4, 1947 for his exam-

ination and inspection and that inasmuch as he did not return them until March 17, 1947 the delay in filing the records here was in part chargeable to the respondent. The vice of this contention is that these records were placed in the hands of counsel for respondent long after the sixty day period within which they could properly be filed had elapsed.

The motion to dismiss these three cases must be sustained.

### CASES Nos. 2372, 2374, 2376

These three cases present upon the three motions to dismiss them the question whether or not the records on appeal were filed in the office of the clerk of the district court of Natrona County within the time fixed by the statute of this state governing the matter. In addition, the motions to dismiss these three cases present the ground that:

"The record on appeal was not filed in the office of the Clerk of the Supreme Court of the State of Wyoming within the statutory period prescribed by Section 89-4910 W. R. S., 1931 (now Section 3-5410 W. C. S., 1945) and Rule 35 of the Rules of the Supreme Court of the State of Wyoming, (Section 1-435 W. C. S. 1945)."

The facts upon which these motions are based appear from these records to be: In each of them the appeals are undertaken from certain orders of said district court overruling motions for leave to amend a second amended petition. These orders were made on May 24, 1946 and entered on the court's journal May 28, 1946. Previously and on April 2, 1946, a final judgment had been entered in these cases which judgments are now here for review by records on appeal Nos. 2371, 2373, and 2375, and those records are likewise attacked by motions to dismiss as hereinbefore considered. The filing stamps on these records on appeal numbered respectively 2372, 2374, and 2376 affixed by the clerk of

the district court aforesaid together with his signature state that said records were filed in his office on August 10, 1946 though the notices of perfection of the records on appeal served upon the district judge who tried the case state over the seals of the district court and signatures of said clerk that these records on appeal were filed in the latter's office on the 12th day of August, 1946. The specifications of error in them were all filed August 12, 1946 and the notices of perfection of these records on appeal were each served on the district judge on August 12, 1946.

The records on appeal in each of these three cases, 2372, 2374, and 2376 were not filed in the office of the clerk of this court until March 24, 1947.

It is clear, therefore, that what has been said heretofore in regard to the record on appeal No. 2371, 2373, and 2375, is likewise applicable to these records, No. 2372, 2374, 2376. It is unnecessary to reiterate that discussion here.

Relative to the first ground of these motions filed in the cases last mentioned which reads:

"The record on appeal was not filed in the office of the Clerk of the District Court of the Seventh Judicial District within and for Natrona County, Wyoming within the seventy day statutory period after entry of the order appealed from or within the period of any valid extension of such statutory period, as required by Section 89-4904 W. R. S., 1931, (now 3-5404 W. C. S. 1945), and the Supreme Court of the State of Wyoming therefore, has no jurisdiction to consider this appeal," the applicable statute is Section 3-5404 Wyoming Compiled Statutes, 1945 and its language is:

"The appellant shall be entitled as a matter of right to seventy (70) days after the entry of the judgment or order appealed from within which to prepare and file with the clerk of the district court a record for the appeal, which time may be by the court or the judge thereof, extended or enlarged for cause shown."

From the statement of the status of these cases hereinbefore given, it is apparent that the records on appeal were filed in the office of the clerk of the district court either on August 10, 1946 or August 12, 1946. However, both these dates are after the expiration of the seventy day period allowed by the statute as last above quoted. Appellant concedes that no applications for or orders of extension of time within which to file these records in the district court were made and we have found no such extension orders in them.

This court has held repeatedly that where the record on appeal is not filed within the seventy day period fixed by law and no extension order for additional time in which to make such filing has been entered within the period limited by law, this court is without jurisdiction to consider the appeal. See Coffee vs. Harris, 27 Wyo. 394, 197 Pac. 649; 27 Wyo. 494, 199 Pac. 931; Berry vs. Sample, 28 Wyo. 272, 203 Pac. 257; Peterson vs. Spaugh, 31 Wyo. 26, 222 Pac. 580; Scott vs. Wyoming Rock Products Co., 37 Wyo. 527, 264 Pac. 86; Woodruff vs. Cokeville Light and Power Co., 38 Wyo. 70, 264 Pac. 704; Barnett vs. Bankers Finance Assn., 38 Wyo. 511, 268 Pac. 1025; Electrolytic Copper Co. vs. Board of County Commissioners of Albany County, 42 Wyo. 67, 289 Pac. 1096; Wolfe et al. vs. Carrels et al., 47 Wyo. 334, 37 Pac. 2d 680; Wy-Tex Corp. vs. McCullough, 49 Wyo. 406, 54 Pac. 2d 895.

It is urged that as the papers which were required to be included in these three records on appeal were in the clerk's office prior to the expiration of the seventy day limitation period that it should be held that the record was prepared and filed within said period. There are several conclusive answers to this contention. Section 3-5406 Wyoming Compiled Statutes 1945 provides:

"In civil causes appealed to the supreme court under the provisions of this Act (§§ 3-5401—3-5415), the

clerk of the district court *shall prepare a record on the appeal* which shall consist of the original or certified copies of the pleadings, motions, demurrers, instructions given and refused, verdict and findings, certified copies of the journal entries, including the entry of the judgment or order appealed from, and the notice of the appeal in the cause, *securely attached together in their chronological order,* and if a transcript of the testimony is prepared and filed, and is brought up on the appeal, the transcript with the exhibits and documentary evidence contained therein or attached thereto as a part thereof, shall also form a part of the record on appeal. *When so prepared,* the whole of such record shall be paged and numbered consecutively, and shall be certified to by the clerk of the district court as true and correct and filed in his office; and the specifications of error, when filed, shall be authenticated by the certificate of said clerk and attached to the record by him and shall thereupon become a part of the record."

We have italicized the words especially significant in this connection.

It is plain that even if the papers from which the records on appeal were to be made up were in the hands of the clerk and he had not *prepared* the records as the law directs, they were not ready to be filed and should not, and as they evidently were not, have been marked "filed" until such preparation had been completed as the statute directs.

The suggestion is made that the clerk was overburdened with work and could not prepare the records in the seventy days limited time. Even if we grant that this was the fact, an extension of time within which to file these records on appeal could easily have been asked for and obtained from the district judge. Yet this was not done though counsel knew, or should have known, the danger to which these papers were closely subject, i. e., that the time for filing the *prepared* records had almost expired.

Additionally, it may be observed that the clerk's certificates to these records on appeal No. 2374 and 2376 were not made until August 10, 1946 and his certificate in Case No. 2372 was not made until August 12, 1946 —all of these dates being after the seventy day limitation period had expired.

In Electrolytic Copper Co. vs. Board of County Commissioners of Albany County, supra, it was held that where the clerk's certificate to a record on appeal was not made until after the time for preparing and filing and record on appeal had expired, the appeal must be dismissed.

The motions to dismiss these three cases must be sustained.

Accordingly on account of the failure of appellant to comply with the statutes of this state and the rule of this court as discussed above, orders should be entered sustaining the motions to dismiss in all six cases, No. 2371 to 2376 inclusive, and all these proceedings should be dismissed.

*Dismissed.*