JOHN NORTH, dba NORTH HARDWARE and LUMBER COMPANY,

*Plaintiff and Respondent,*

vs.

KURT A. HOFFMAN and MARGARET HOFFMAN, husband and wife,

*Defendants and Appellants,*

and JACK CAMPBELL and STATE BANK OF GREEN RIVER, a Wyoming Banking Corporation,

*Defendant.*

(No. 2743; October 30th, 1956; 302 Pac. (2d) 757)

Heard before Blume, Chief Justice, Harnsberger, Justice, and Pearson, District Judge.

For the defendants and appellants the cause was submitted upon the brief and oral argument of Frank R. Schofield of Green River, Wyoming.

For the plaintiff and respondent the cause was submitted upon the brief and oral argument of Joe R. Wilmetti of Rock Springs, Wyoming.

## OPINION

Blume, Chief Justice.

In this case the record on appeal was filed in the district court of Sweetwater county, Wyoming, on November 10, 1955, and was filed in the office of the clerk of this court on January 17, 1956, which was sixty-eight days after the record on appeal was filed in the former court. The respondent herein filed a motion to dismiss the appeal because the record was filed more than sixty days after the record was filed in the district court in violation of rule 35, § 1-435 W.C.S. 1945, which, among other things, provides:

"A case brought by direct appeal to the supreme court shall be subject to dismissal, if the record on appeal shall not have been filed in the office of the clerk of the supreme court within sixty (60) days after such record shall have been filed in the office of the clerk of the district court as required by law.

Counsel for appellants claims, as has not been claimed heretofore, that the time of sixty days should be construed in connection with § 3-5404 W.C.S. 1945, reading as follows:

"The appellant shall be entitled as a matter of right to seventy (70) days after the entry of the judgment

or order appealed from within which to prepare and file with the clerk of the district court a record for the appeal, which time may be by the court or the judge thereof, extended or enlarged for cause shown."

In the case at bar the original judgment appealed from was entered on August 3, 1955, which would be ninety-nine days up to the time when the record on appeal was filed in the district court. However, a correction of the judgment was made as to interest of $57.74 on September 15, 1955, and a notice of appeal from the amended judgment was made on September 16, 1955. If the last judgment would govern as to seventy days, which we need not decide, then the record on appeal was filed in the district court within fifty-six days after the amended judgment was entered, and this is the time relied upon by the appellants in this case as governing the matter of appeal herein. Counsel for appellant argues that since an appellant has seventy days as a matter of right to file the record on appeal in the district court after the entry of the judgment, then if he files it in the district court before the expiration of seventy days— say ten or twenty days before—this time (less than seventy days) should be added to the sixty days provided by rule 35. If this construction were correct then instead of sixty days, the record on appeal in this court might be filed seventy, eighty, or even one hundred twenty days after filing the record in the district court, depending upon the time less than seventy days in which the record would be filed in the office of the clerk of the district court after the entry of the judgment, thus wiping out the certainty sought to be attained by rule 35. Rule 35 and § 3-5410 W.C.S. 1945, upon which the rule is based, make no reference whatever to § 3-5404 W.C.S. 1945 and do not make the time of filing the record in this court conditional upon any seventy or other days mentioned in § 3-5404 W.C.S. 1945. They refer to only

two facts so far as applicable here, namely, the time of filing the record in the district court, and the time of filing it in this court. Hence we cannot accept the construction put upon rule 35 by counsel for appellants.

Section 3-5410 W.C.S. 1945 provides that if the district court does not grant "a new trial within the period of twenty (20) days from the date on which the specifications of error are filed with the clerk of the district court, said clerk shall thereupon transmit to the clerk of the supreme court the record on appeal and the specifications of error."

We said in Porter v. Carstensen, 44 Wyo. 49, 8 P.2d 446, 447, in which the record on appeal was filed within sixty-six days after it was filed in the district court, as follows:

"If we should excuse the delay in this case, we should thereby practically modify the phrase of the rule 'within sixty days,' by adding thereto 'more or less,' and we should then in every case in which the record was filed after the expiration of 60 days, have to determine as to whether or not a reasonable or unreasonable time after the expiration of the 60 days had elapsed, and thus again be faced with the identical evil which we attempted to remedy by the adoption of the rule."

In Snider v. Rhodes, 53 Wyo. 157, 79 P.2d 481, 482, we stated:

"Prior to the adoption of the rule above mentioned, the court was continually confronted with the question as to the time thus fixed by the statute. We held in Samuelson v. Tribune Publishing Company, 41 Wyo. 487, 287 P. 83, that the statute contemplates that the record on appeal shall be transmitted 'forthwith' after the expiration of the twenty days above mentioned. To make the time specific, so that no one might err, we thereafter adopted rule 35, effective January 1, 1931.

The rule merely interprets and applies the statute above mentioned. Instead of determining each time as to when is the proper time with the contemplation of the statute, the court has fixed the time once and for all."

In the late case of Federal Gold Mining Co. v. Pioneer Carissa Gold Mines, Wyo., 289 P.2d 643, 644, we stated:

"The rule of this court above quoted applies unqualifiedly and permits of no exception when the trial court has failed to enter an order refusing a new trial."

In this case if appellants' construction were correct, we should have to determine whether the judgment of August 3, 1955, or September 17, 1955, would govern, again making the rule altogether uncertain. We think we are constrained to sustain the motion to dismiss the appeal herein. It is accordingly dismissed.

Appeal dismissed.

Harnsberger, J., and Pearson, D.J., concur.