Nancy L. WILLIAMS,
Plaintiff-Appellant,

v.

WYOMING BANK AND TRUST COM-
PANY, a Wyoming banking corpora-
tion, Defendant-Appellee,

Carl L. Waugh and Fay L. Waugh, hus-
band and wife, William D. Omohundro,
Terrence L. O'Brien, and the City of
Buffalo, Wyoming, a municipal corpora-
tion, Other Defendants below.

Supreme Court of Wyoming.

Feb. 26, 1979.

Charles R. Spratt, Buffalo, for Nancy L.
Williams, plaintiff-appellant.

Kirven & Kirven, Buffalo, for Wyoming
Bank and Trust Co., defendant-appellee.

ORDER DENYING APPELLANT'S MO-
TION TO PERMIT LATE DOCKET-
ING OF APPEAL AND GRANTING
APPELLEE'S MOTION TO DISMISS

PER CURIAM.

On November 15, 1978, Nancy L. Wil-
liams (hereinafter Appellant) filed a Notice
of Appeal in this matter (hereinafter this
case) from a Summary Judgment entered
as a final action on November 1, 1978,
against her and in favor of Wyoming Bank
and Trust Company (hereinafter Appellee).
Appellant filed a designation of record in
the District Court on November 15, 1978, in
which all pleadings, affidavits and memo-
randums of law filed prior to October 31,
1978 were designated for the record on ap-
peal.

Another case involving Appellant and
Appellee (hereinafter No. 4998) was docket-
ed in this court on June 21, 1978. As a
supplement to the record in No. 4998, the
record in this case was received in this court
on January 5, 1979. No. 4998 is still pend-
ing in this court.

Appellant's attorney paid the docketing
fee to the Clerk of the District Court at the

time the notice of appeal was filed in this case, and he made inquiry on January 12, 1979, of the clerk to confirm that the record "had been dispatched." He states that he was not aware that the matter was not docketed in this court until January 17, 1979.

On January 22, 1979, Appellee filed a motion to dismiss Appellant's appeal in this action on the grounds that (1) Appellant failed to file and serve a statement of issues pursuant to Rule 75(b), W.R.C.P., and (2) Appellant failed to file, and cause to be filed, the record and docket the appeal in this court within 60 days from the date of filing the notice of appeal pursuant to Rule 73(g) and (e), W.R.C.P.

On February 7, 1979, Appellant filed a Motion to Permit Late Docketing of Record on Appeal in this case for the reason that the Clerk of the District Court advised him on January 12, 1979, that the record on appeal in this case was dispatched to this court on January 4, 1979, and received January 5, 1979.

Rule 75(b) is pertinent only if the "entire transcript" is not to be designated. Since there was no transcript in this case, Appellee's first ground for dismissal of the appeal is without foundation.

Failure to timely file the record on appeal is ground for dismissal of an appeal. *Douglas Reservoirs Water Users Ass'n v. Garst*, Wyo., 451 P.2d 451 (1969). The duty to cause timely filing of the record on appeal is that of appellant, and the failure of the clerk of the district court to do so will not prevent dismissal of the appeal. *Henning v. City of Casper*, 63 Wyo. 352, 182 P.2d 840 (1947); and *Porter v. Carstensen*, 44 Wyo. 49, 8 P.2d 446 (1934).

The record in this case, which was transmitted as a supplement to the record in No. 4998, consisted of five volumes. The pages were not numbered. It was not indexed. The Clerk of Court did not affix a certificate. There was no indication that it was filed pursuant to a notice of appeal in this case.

Attorneys customarily recognize the problems occasioned by an incomplete, improper, or faulty record and they are careful to avoid them. Usually, in an appeal involving two cases or involving only a portion of one case, the parts necessary for both cases, or both portions, are duplicated so that the complete story is recited in both places. In any event, this type of a situation places an added burden *on the appellant* to fulfill his duty in assuring a proper record in this court.

Rule 73(g)(2) of this court provides that the time for docketing of an appeal may be extended by this court "upon a showing * * * that diligence was used by counsel for appellant and that, for causes beyond his control, the record on appeal could not be docketed within the time limited."

A special effort to find such diligence and such causes was made without success. In view of the dual use of the record in this case, inquiry on January 12, 1979, two days before the filing deadline, seems other than diligence. Knowledge of transmission of the record as supplemental to No. 4998 would seem to require more specific attention as to the context in which the record was "dispatched" than a simple ascertainment that the clerk had sent the record. Counsel had full control of the causes by which the record in this case was filed supplemental to No. 4998. He had full control of the potential to file the record in this case and docketing of this case at the same time that the record was sent supplemental to the record in No. 4998—51 days after the notice of appeal in this case, with arrangement that it be proper for us to review the record of this case in this court in connection with No. 4998. The two cases may have been proper for consolidation. These factors prevented an effort to find diligence and causes beyond Appellant's control. Wherefore,

IT IS ORDERED that Appellant's Motion to Permit Late Docketing of Record on Appeal be, and the same hereby is, denied, and

IT IS FURTHER ORDERED that Appellee's Motion to Dismiss Appellant's Appeal

in this case be, and the same hereby is, granted, and said appeal is dismissed.